# Cummings v. McDonnell, et al.

### Bill to Cancel and Annul a Will.

(Decided November 7, 1914. 66 South. 717.)

1. *Appeal and Error; Harmless Error; Evidence.*—Where the record of the probate of a will was introduced immediately thereafter, it cured any error in permitting a witness to testify that the will had been duly probated, the objection being that the record was the best evidence.

2. *Same; Invited Error.*—Where the objection was interposed that a witness could not testify as to the probate of a will because of the fact that the record was the best evidence, the contestant cannot complain of the admission of the record of the probate court as evidence

3. *Same; Reviewed; Special.*—Whether a sufficient predicate is established for the admission of the evidence of a non-expert witness as to the mental condition of a party, is largely in the discretion of

[Cummings v. McDonnell, et al.]

the trial court, and the court's ruling thereon will not be disturbed in the absence of a palpable abuse of such discretion.

4. *Same; Harmless Error; Instructions.*—Although an instruction is argumentative and singles out certain parts of the testimony, the giving of such instruction was not reversible error, where the proposition therein asserted was undeniably true.

5. *Same.*—The giving of abstract instructions does not constitute reversible error.

6. *Charge of Court; Argumentative.*—A charge asserting that the evidence of an attesting witness to an alleged will is not entitled to any greater weight than the evidence of other witnesses as to the testamentary capacity of the testator, was properly refused as being argumentative and invasive of the province of the jury.

7. *Evidence; Opinion; Mental Status.*—A non-expert witness who had known the testator for forty years and had seen him frequently, and had had business transactions with him for ten or twelve years previous to his death, was competent to express an opinion as to the mental condition of such testator.

8. *Wills; Probate; Review.*—The chancery court will not be put in error for admitting in evidence the original will and the written evidence of the attesting witness in the probate court, in the absence of a proper ground of objection thereto.

9. *Same; Contest; Evidence.*—While the fact that a will was admitted to probate is not conclusive upon a contestant who seeks to avoid such probate in the chancery court, who was not a contestant in the probate court, the evidence of the attesting witness, taken in writing in the probate court under section 6188, Code 1907, is admissible in the chancery court under the express provisions of section 6209, Code 1907, and is sufficient to establish prima facie the execution of the will.

10. *Same.*—Where a witness for contestant had testified that the testator had stated that he desired to come to see the witness, but that "they" would not let him, it was not reversible error to exclude testimony as to whom the testator meant by "they," since the identity of the persons restraining testator could add but little force to the facts that the testator felt restraint.

11. *Same; Instructions.*—Where the execution of a will was established by the testimony of the attesting witness taken in writing in the probate court upon the probate of the will, and there was no evidence to the contrary, and no claim that the will had not been duly executed, the court could properly have instructed that the will was duly executed, and hence, there was no error in refusing charges based upon the hypothesis of an invalid execution of the will.

12. *Same.*—Where the contest was on the ground of mental incapacity, a charge asserting that if it was not shown that the will was read over to the testator at or before the time of its execution, that fact, together with all the other facts, should be taken into consideration to show whether the testator was a man of unsound mind, and whether he knew what he was signing at the time, was erroneous.

13. *Same; Burden of Proof.*—The burden of proof of testamentary incapacity is on the contestant and is not shifted except by proof of

habitual or fixed insanity on the part of the testator prior to the execution of the will.

14. *Same.*—A charge that if the evidence showed that at times the testator was wholly insane, but at other times had sufficient capacity to know and understand what he was doing, then, in order to defeat the will, the burden is on the contestant to show that at the time the will was executed, the testator did not have sufficient mental capacity to know and understand what he was doing, was proper.

15. *Same; Validity; Mental Incapacity.*—The failure of the testator to change his will after the death of his sister, she being made executrix therein, and her death having occurred several years after the making of the will, is not a circumstance tending to show mental incapacity at the time of the execution of the will.

APPEAL from Madison Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Mary Cummings against A. McDonnell and others to cancel and annul an instrument as the last will and testament of George W. Ward, which instrument has been admitted to probate as the last will and testament of the said Ward, in the probate court of Madison county. The case was tried by a jury selected under venire issued by the chancellor. From a verdict for respondents, complainant appeals. Affirmed.

The will was contested on the theory that he had disinherited complainant, who was his niece, and that it was wholly foreign to the purpose of said testator in the execution of said instrument to eliminate your oratrix from participating in said estate, but that the extreme old age of said testator, and his enfeebled condition of body and mind rendered him entirely incapacitated to execute the will finally disposing of his estate.

While the witness Paraham was testifying he said that he asked Mr. Ward to come to see him, and Ward replied: "Well, I would come to see you all, but they won't let me." The contestant propounded the following question: "Did he say who he referred to?" To which question the court sustained objection. C. D.

Anderson testified that he had known Mr. Ward for 40 years, and that during the last 10 or 20 years had seen Mr .Ward frequently and had talked with him and had had a great many business transactions with him. The proponent then asked witness the following question: "From your acquaintance with Mr. Ward, was he of sound mind?" Contestant objected, and the court overruled the objection.

The following charges were refused contestant:

"(13) If, from the evidence, it is not shown that the alleged will in this case was read over to the said George W. Ward at or before the time of its execution, then this fact, together with all the other facts in the case arising out of the evidence, should be taken into consideration to show whether the said Ward at the time he executed the will, was a man of unsound mind, and whether he knew what he was signing at the time.

"(14) The evidence of the attesting witnesses to the alleged will is not entitled to any greater weight than the evidence of other witnesses testimying in relation to the testamentary capacity of the said George W. Ward."

The following charges were given for the proponent:

"(15) I charge you that the burden of proof as to testamentary incapacity is on the contestant, and is not shifted except by proof of habitual or fixed insanity on the part of Ward prior to the making of the will."

"(22) The fact that Martha Wynn, who was named in the will as executrix, died five or six years before the death of Ward, and that after her death said Ward made no change in his will, is not to be considered by the jury on the question of Ward's insanity at the time he signed the will in 1902."

"(28) The fact, if it be a fact, that Ward was child-ish at times did not incapacitate him from making a valid will unless such childishness was to such extent that it rendered him unable to understand the business he was engaged in or to remember the property he was about to will, or the objects of his bounty, or the man-ner in which he desired to dispose of it:

"(29) If you believe from the evidence that Ward was at times wholly insane so as not to know the sub-ject-matter under discussion, but at other times had sufficient mental capacity to know and understand what he was doing, then in order to defeat the probate of the will, the burden is on the contestant to show that at the particular instant when the will was ex-ecuted said George W. Ward did not have sufficient mental capacity to know and understand what he was doing."

R. E. SMITH, and COOPER & COOPER, for appellant.

SPRAGINS & SPEAKE, and LANIER & PRIDE, for ap-pellees.

ANDERSON, C. J.—Whether there was or was not error in permitting the witness Jones to testify that the will had been duly probated, it was, if error, with-out injury, as the objection made to same was that the record was the best evidence, and which said best evidence was immediately introduced.

Moreover, the contestant assigned no grounds of ob-jection to the original will and the written evidence of the attesting witnesses, which had been taken under sections 6188 of the Code of 1907, and which was ad-missible evidence, under section 6209, upon this con-test in the chancery court. It is no doubt true that

upon a contest in the chancery court, by a party who had not contested the will in the probate court, the mere fact that the will was probated in the probate court is not conclusive upon the contestant in the chancery court.—*Knox v. Paull,* 95 Ala. 505, 11 South. 156. And the fact of the probation of the will is not even prima facie evidence of the execution of same upon a contest of same in the chancery court.—*Johnston v. Glasscock,* 2 Ala. 218. But this does not mean that the proponent cannot make out a prima facie case of the execution of the will by the introduction of the evidence taken in the probate court, under section 6188, and which is expressly authorized upon the contest in chancery by section 6209. Indeed, the opinion in the case of *Johnston v. Glasscock,* 2 Ala. 218, recognizes that this evidence is admissible as a reason for holding that the first probate of the will, in and of itself, is not prima facie evidence of the due execution of the will in the contest in the chancery court. This case does not hold that said evidence is not admissible, and it would contravene the plain letter and meaning of section 6209, if it so held. It may be that the trial court erred in the statement, that the proponent made out a case upon the introduction of the will showing that it was probated, as this was not of itself prima facie evidence of the execution of same, but the proponent went further and introduced the evidence of two subscribing witnesses, as taken down under section 6188, and which was sufficient to make out a prima facie case, even if the execution of the will was contested, but which seems not to have been an issue in this case, as the judgment entry shows that the issue made by the contestant was against the validity of the will because of the mental incapacity of the testator. The execution of same seems not to have been

questioned. Moreover, there was no objection or exception to this remark of the court. The quotation in appellant's brief is from the case of *Barksdale v. Davis*, 11 Ala. 628, 22 South. 17, to wit:

"Upon the probate of a will in the probate court, whether contested or not, and on contest in chancery, like that now before us, the prime step to be taken on the hearing is for the proponent in the one case, and the contestee in the other, to prove the due execution of the will, in manner and form as required by the statute."

This means that in either event the proponent must prove that the will was executed in manner and form as required by the statute; that is that it was in writing, was signed by the testator, was attested by two witnesses, etc., but does not mean that the method of establishing the statutory requirements must be by the same kind or character of evidence in the chancery court, as is required and as was pursued in the probate court. To hold that the attesting witnesses would again have to be produced or the same steps taken to prove same as the statute requires in the probating of the will in the probate court would, in effect, emasculate so much of section 6209 as makes the written testimony taken under section 6188 in the probate court admissible evidence in a contest of this character.

The execution of the will having been proven in this contest by the recorded evidence of the subscribing witnesses and which said evidence showed that it was in manner and form as required by the statute, the court could have charged affirmatively that the will was duly executed, as there was not only no evidence to the contrary, but the record affirmatively shows that the execution of same was not questioned; the sole issue being whether or not the testator was mentally incapacitated.

Therefore there was no error in refusing the contestant's charges based upon the hypothesis of an invalid execution of the will.

There was no reversible error in declining to let the witness Paraham state whether or not the testator referred to any particular one that would not let him come to see witness. He stated that testator said they would not let him come to see him, the purpose of this evidence being to show the want of free agency, and the person or persons who the testator thought or said were restraining him could add little or no force to the fact that he was or felt like he was restained.

We think that the witness Anderson showed such an acquaintance with the testator as to authorize an opinion by him as a nonexpert of the sanity of the said testator. He was a near neighbor, was 40 years old, had known testator all of his life, frequently talked to him and had business transactions with him.

Moreover, as to whether or not a sufficient predicate was established was largely discretionary with the trial court, and a ruling thereon will not be disturbed by this court unless there be a palpable abuse of said discretion.—*Jones v. State,* 181 Ala. 63, 61 South. 440, and cases there cited.

Charge 13, requested by contestant, was manifestly bad and was properly refused.

It is questionable as to whether or not there is a sufficient insistence in brief of counsel as to error in refusing the contestant's requested charge 14. It is sufficient to say, however, it was well refused, as it is argumentative and also invades the province of the jury, as it was with them to say what weight they would give the evidence of the respective witnesses.— *Higginbotham v. Higginbotham,* 106 Ala. 314, 17 South. 147.

There was no error in giving the proponent's charge 15.—*Pritchard v. Fowler,* 171 Ala. 663, 55 South. 147.

The only criticism of charge 28, given for the contestee, is that it is abstract. If this be true, it could have been refused, but giving same was not reversible error.

There was no error in giving contestee's charge 29.

Charge 22, given at the request of the contestee, could have well been refused, as it was perhaps argumentative and singled out certain parts of the evidence; but the giving of same was not reversible error.

The question was the mental capacity of the testator when he made the will in 1902, and his action or nonaction in a certain particular four or five years subsequent to making the will did not show mental incapacity when said will was made. Indeed, under the evidence in this case, his failure is not a circumstance tending to show that he was mentally inacapable in 1902.

The decree of the chancery court is affirmed.

Affirmed.

McClellan, Mayfield and Somerville, JJ., concur.