# Barnett v. Freeman.

### Will Contest.

(Decided June 1, 1916. Rehearing denied June 30, 1916.
72 South. 395.)

1. **Pleading; Demurrer.**—A pleading is not rendered demurrable because it contains unnecessary or improper matter.

2. **Same; Motion to Strike.**—The proper remedy for redundancy in pleading is by motion to strike unnecessary or improper matters.

3. **Evidence; Opinion; Mental Capacity.**—The stepson of testatrix having known her for years could give his opinion as to her mental condition when he visited her at the time the will was made.

4. **Wills; Contest; Evidence.**—Where the will was contested for fraud and undue influence, evidence as to how, five years prior to the making of the will, testatrix has acquired her property, or how much she may have contributed to its purchase by her deceased husband, or the reason or motive that led her to make an earlier will, not having a legitimate bearing upon her mental status when executing the contested instrument, was inadmissible.

[Barnett v. Freeman.]

**5. Same; Burden of Proof.**—Where the will was contested for fraud and undue influence the confidential relationship between testatrix and the beneficiary does not, alone, throw upon the beneficiary the burden of proving or showing an absence of undue influence.

**6. Same; Jury Question.**—In this case, the evidence being in conflict on the question, the testamentary capacity of the testatrix was a question for the jury.

**7. Appeal and Error; Review; Reserving Objection.**—Where appellee did not appeal from a refusal to direct a verdict for him, he cannot prevent reversal because of errors prejudicial to appellant by showing that he was entitled to a directed verdict because of insufficiency of proof by appellant.

**8. Wills; Probate; Attesting Witnesses.**—Under § 6185, Code 1907, a will, upon formal contest, must be proved by both subscribing witnesses, or if one is not available, his absence must be accounted for to get secondary evidence of his attestation, as only in the absence of primary proof should secondary evidence be resorted to.

APPEAL from Winston Probate Court.

Heard before Hon. JOHN S. CURTIS.

John Barnett, as executor, propounded for probate the last will and testament of Lizzie Freeman, deceased, with contest by A. Jack Freeman. From a judgment denying probate, the executor appeals. Reversed and remanded.

Freeman alleges that he is one of the beneficiaries under the will, and that on May 23, 1910, while in good health and sound and disposing mind and memory, said Lizzie Freeman made and executed her last will and testament, making contestant and Fannie Perry, the residuary legatees of her said estate, and that that will is now in the possession of Josie Barnett, and Jane Bull, or under their control, and that proper proceedings had been begun to cause its production in court, and said will has never been legally revoked; that the instrument now offered for probate bears date July 5, 1915, and undertakes to bequeath to Jane Bull the sum of $1,000, to be paid out of the estate before the residue is payable to contestant and Fannie Perry, thus reducing the residue of the estate. The reason given why the will of July 5, 1915, is not a legal will is that the testator made and signed the instrument just before her death, and at a time when, by reason of bodily weakness and medicines which she had taken, and for other causes, her mind was enfeebled and impaired to the extent that she was incapable of understanding the contents of the instrument, and the result of her act in signing the same, and mentally incapable of making and executing the will. Declaration 5 of the contest is as follows:

[Barnett v. Freeman.]

Lizzie Freeman was caused to execute the instrument referred to in paragraph 4 (matter last above set out) by reason of overreaching, persuasion, undue influence, or domination on the part of Jane Bull, her sister, John Barnett and wife, Josie Barnett, brother-in-law and sister of Lizzie Freeman, in this: For a long time before her death and before the execution of the will of July 5th she was in bad health and expected to die, and was very feeble in mind and body, and at the time she executed the same she was living with said Barnetts and Jane Bull, and had been for a long time; and, notwithstanding that she knew that all the property she held in her name was the property of her late husband, J. R. Freeman, or the proceeds of same, and of right should go to his heirs and the said Barnetts and Jane Bull well knew the same, they insisted she could will to Jane Bull $1,000, because she was an unmarried person and had no one to care for her, and persuaded her to believe that she should have a right, moral right, to dispose of $1,000 of property as she pleased after her husband's death, and by reason of said undue influence, as aforesaid, the said instrument was not the will of Lizzie Freeman, but the will of the said parties who had her to so make the will.

The sixth paragraph alleges fraud in that the parties named, her relatives, led her to believe that the making of the will now propounded for probate would not revoke the former will.

R. L. BLANTON, for appellant.    W. V. MAYHALL, for appellee.

ANDERSON, C. J.—The declaration of contest avers that A. Jack Freeman, the contestant, was not only a legatee under the will of 1910, but was a legatee under the will that was under contest, and he was therefore so interested in the will contested as to authorize him to make the contest under section 6196 of the Code of 1907.

(1, 2) In defining the necessary averments in the contest of a will for undue influence, as distinguished from fraud, our court has held that it was not necessary to allege with particularity the quo modo the result complained of was accomplished, but only that it was accomplished by undue influence exerted by named persons.—*Alexander v. Gibson*, 176 Ala. 258, 57 South. 760, and cases there cited. Declaration 5 was not subject to the contestee's demurrer. True, it may be redundant, but the unnecessary and improper matter should have been stricken upon motion, but it did not render the same demurrable.

[Barnett v. Freeman.]

(3) Oscar Freeman was a stepson of testatrix, and had known her intimately for years, and the trial court did not err in permitting his opinion as to her mental condition when he visited her the 4th and 5th of July; the will having been made on said 5th of July.—*Pritchard v. Fowler*, 171 Ala. 662, 55 South. 147.

(4, 5) The fact, of how the testatrix acquired her property or how much she may or may not have contributed to the purchase of same by her deceased husband, or the reasons or motives that led her to make the will of 1910, as it was not being contested, had no legitimate bearing upon her mental status when executing the will under contest, which was made five years thereafter. That character of evidence had no legitimate bearing upon the issues of fraud and undue influence in the execution of the will of 1915, yet this evidence was probably prejudicial to the contestee.—*Smith v. Smith*, 174 Ala. 205, 56 South. 949; *Winston v. Elliott*, 169 Ala. 416, 53 South. 750. For the error in admitting this character of evidence the decree of the probate court must be reversed.

(6) We cannot put the trial court in error for refusing the contestee's requested charges, in the form in which they were asked, as they should have suggested that the jury could not find for the contestant upon the specifications hypothesized, and not that they must find for the proponent on certain issues, as it would have necessitated two or more findings by the jury. As this case must be reversed, however, it is sufficient to say that, unless there is a material change in the evidence upon the next trial, the proponent is entitled to the general affirmative charge; that is, that the jury cannot find for contestant, both as to the charges of fraud and undue influence. There was no proof whatever of the fraud charged or of facts from which the jury could infer such fraud. Nor was there any proof of undue influence. John Barnett and his wife were not beneficiaries, and while the sister Jane was, and while there was a confidential relationship between the parties, this fact alone did not cast upon the beneficiary the burden of showing that the act was voluntary and did not result from undue influence. It was incumbent upon the contestant to prove more than the mere confidential relationship between the parties in order to cast the burden upon the beneficiary.—*Jones v. Brooks*, 184 Ala. 115, 63 South. 978. Not only did the contestant's proof fail to cast the burden upon the beneficiary, but the contestee's evidence completely showed that the

[Barnett v. Freeman.]

making of the will was voluntary, and that testatrix acted throughout upon independent advice.

(7) As to the charge of mental incapacity, that was properly left to the jury; for, while there was much evidence tending to show that testatrix was of disposing mind, notwithstanding her physical condition and the use of opiates to relieve her pain and suffering, there was some evidence from which the jury could infer that she was not mentally capable of disposing of her property, though the weight of the evidence showed that she was mentally capable of making a valid will.—*Mullen v. Johnson*, 157 Ala. 262, 47 South. 584.

The judgment of the probate court is reversed, and the cause is remnaded.

Reversed and remanded.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.

### ON REHEARING.

ANDERSON, C. J.— (8) It is now suggested, for the first time upon rehearing, that this case should not be reversed for the errors noted in the original opinion, because the contestant was entitled to a general charge, regardless of the errors committed by the trial court. This is, of course, the general rule, but we are not persuaded that the contestant was entitled to the general charge, as the trial court had ruled that the execution of the will had been sufficiently proved and admitting it in evidence, and as long as it was in evidence the proponent made out his case, and was entitled to have the same probated unless the jury found in favor of the contestant upon one or more of his grounds of contest. It is true, the appellee objected to the introduction of the will because the execution had not been proved by both of the subscribing witnesses, but the trial court overruled the objection and admitted the will in evidence upon the proof of one of the subscribing witnesses. If the trial court erred in this respect the appellee should have taken a cross-appeal; but as long as the will was in evidence the appellee was not entitled to the general charge, and we cannot invoke the doctrine of error without injury to affirm this case. Had the trial court sustained appellee's objection to the will, then in all probability the appellant would have produced the other subscribing witness, or accounted for a faliure to do so, and resorted to secondary evidence, but we can-

not visit the error of the trial court, in letting the will in, upon this appellant for the purpose of invoking error without injury.

It is evident that the trial court was misled by section 6185 of the Code of 1907, in ruling that proof by one witness was sufficient, a mistake most natural from a reading of said section; but, as formerly construed by this court, this will not suffice upon formal contest.—*Barnewall v. Murrell,* 108 Ala. 366, 18 South. 831. It would seem that it was there held that this section was intended to deal with secondary evidence only when the primary evidence of the execution of the will is not obtainable. It would therefore appear that, notwithstanding proof of the execution of the will by Dr. Oliett, the other subscribing witness, Drewery, should have also been introduced, or his absence accounted for in order to get in secondary evidence of his attestation as provided by the statute. This is not, of course, the only method of proving wills, but is the primary method, and no other method can be resorted to until resort is first had to the primary method. Should the primary evidence not be obtainable, then resort may be had to secondary evidence, or if the primary evidence does not establish the execution of the will, the proponent is not concluded thereby, but may resort to other facts and circumstances showing the execution of same. It is sufficient to say that section 6185 does not authorize the proof of the will by one subscribing witness only. If all can be had, they should all prove the execution, or if some of them cannot be had; then secondary proof can be resorted to in place of the absent witness or witnesses.

Application for rehearing overruled.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.