MARY HUBBARD GOODWIN *vs.* JOSEPHINE RIORDAN
and others.

Essex.    November 7, 1955. — December 6, 1955.

Present: QUA, C.J., RONAN, WILKINS, WILLIAMS, & WHITTEMORE, JJ.

*Will*, Validity, Execution.  *Evidence*, Presumptions and burden of proof.

At the hearing of a contested petition for proof as a will of an instrument
    having signatures of three purported witnesses below the proved
    signature of the alleged testator, there was no presumption of proper
    execution as a will according to the law of Massachusetts where the
    proponent failed to produce testimony from one of the witnesses who
    was living in Georgia and whom he had "contacted," there was no
    proof of the genuineness of the signature of another witness who had
    died, and the third witness, whose signature was proved, testified that
    he had no memory of the time, place or circumstances of his signing
    his name;  and a decree disallowing the instrument as a will was
    affirmed.

PETITION, filed in the Probate Court for the county of
Essex on July 14, 1954, for proof of a certain instrument as
the will of John Mulioli, late of Haverhill.

The case was heard by *Costello*, J.

*John J. Ryan, Jr.*, (*John Ohanesian* with him,) for the
petitioner.

*Salvatore J. Basile*, for the respondents.

WHITTEMORE, J.    Mary H. Goodwin was named as sole
legatee in a writing offered as the will of John Mulioli
which was disallowed, "it not appearing that said instru-
ment was executed according to law."   Mulioli's signature
was adequately proved.   Below Mulioli's signature are three
purported signatures with service designations as follows:

> "Raymond A. Rapp C.M. 3/c U.S.N.
> William R. Florence SF/3/c U.S.N.R.
> Olav Martin Halbrend Prt 3/c"

The instrument bears a date on which, it would be necessarily inferred, Mulioli was in the navy. Halbrend was called and identified his signature and the judge found that it was genuine. Halbrend had no memory of the time, place, or circumstances of his signing his name. It was agreed that Florence was dead and Rapp was outside the Commonwealth. After a continuance to give the proponent an opportunity to present Rapp's testimony, the proponent's attorney stated "he had contacted . . . Rapp, who was living in Georgia," and proposed to proceed without his testimony. An attempt failed to prove the will as a holographic will made in Virginia and valid as such though not witnessed. The proponent urges that a presumption of regularity of the execution of a will required its allowance. We find no such presumption operative here and no error.

The burden of proving proper execution rested upon the proponent and required her to prove that all the formal requirements of the statute were met. *Fuller* v. *Sylvia*, 240 Mass. 49, 54. *Hogan* v. *Whittemore*, 278 Mass. 573, 576. *Morin* v. *Morin*, 328 Mass. 33, 34–35. A presumption of proper execution is inferred upon proof of all the signatures even in the absence of an attestation clause, and even though the living witnesses can recollect nothing of the circumstances. *Ela* v. *Edwards*, 16 Gray, 91. *Eliot* v. *Eliot*, 10 Allen, 357. *Leatherbee* v. *Leatherbee*, 247 Mass. 138. A witness outside the jurisdiction need not be called if proof of the genuineness of his signature is offered. *Ela* v. *Edwards*, 16 Gray, 91. But it has not been held that, the issue having been raised, a purported will may be allowed without proof of the signatures of the purported witnesses.

We are not required on the facts here to decide whether a purported will, with witness signatures unproved, must fail if all conceivable avenues for proving the purported signatures have been exhausted. See *Scarff* v. *Scarff*, [1927] Ir. R. 13. It does not appear that the United States government did not have signatures of enlisted men or that signatures for comparison could not be had from

that source. In any event the failure to call Rapp would negative such presumption of regularity of execution as there might be, if any, from the appearance and place of the signatures on the instrument, as to which we intend no suggestion.

*Decree affirmed.*