148 So.2d 221

**Charley A. RAY**

v.

**Esther R. McCLELLAND**

**I Div. 856.**

Supreme Court of Alabama.

April 5, 1962.

Rehearing Denied Jan. 17, 1963.

364

Weems C. Dorn and Johnston, McCall & Johnston, Mobile, for appellee.

Kearley & McConnell and W. Borden Strickland (guardian ad litem), Mobile, for appellant.

LIVINGSTON, Chief Justice.

This is a will contest in equity by the brothers and minor nieces and nephews of Luther Brooks Ray, who died in Mobile County on or about November 2, 1956. He left a will leaving all his property to a step-daughter, Mrs. Esther McClelland, the appellee here. The will was offered and duly probated in the Probate Court of Mobile County, Alabama. The will on its face was not wanting in form or regularity. It was signed by the testator, L. B. Ray, and witnessed by one E. S. Crenshaw and one "James Andersen."

The will was contested on two grounds: (1) that said will was not executed as required by law, and (2) that said will was not witnessed as required by law.

On the trial in the equity court, the respondent, Esther McClelland, offered the entire probate file, including the will, in evidence. This file was verified by the chief clerk in the probate office, Mrs. Edith Vaughn.

On the trial in equity, the signature of the deceased was sworn to by Mrs. McClelland and Mr. Marshall Marriott, Vice-President of the Merchants National Bank of Mobile, who testified that through business dealings he recognized the signature of the deceased.

The witness to the will, E. S. Crenshaw, was dead. His handwriting and signature were proven by his son, Rastus Crenshaw.

The other witness, "James Andersen," could not be located and his signature was not proven. A most painstaking and diligent search was made for James Andersen but he could not be located. No person was ever found that knew or had heard of James Andersen or that could testify that he had been a living person.

Appellant contends that the evidence was insufficient to show due execution of the will, since one of the witnesses was never located and no one had ever heard of him or could testify if he had ever lived, that in effect there was no proof of the witness' existence.

The appellee contends that the evidence shows that the two subscribing witnesses are dead, out of the state or incompetent, and that upon the proof of the testator's signature and that of one of the witnesses, E. S. Crenshaw in this case, there was sufficient proof to show due execution under Secs. 39 and 40 of Title 61, Code 1940.

■ For a will in Alabama to be valid, it must be subscribed to by at least two witnesses. Sec. 24, Title 61, Code 1940. The question here is: Was there proof that two witnesses subscribed to the will, and are they duly accounted for?

■■ Appellee introduced the probated will and probate proceedings which were proper in a suit in equity to contest a will, since a will which has been admitted to probate and on which is endorsed a certificate by the probate judge in the form prescribed by statute is admissible without further proof. McGregor v. Shipp, 238 Ala. 221, 189 So. 740; Sec. 44, Title 61, Code 1940. When the respondent introduced the probate proceedings, the validity of the will was prima facie sustained and it became the duty of the complainant to offer evidence upon which the invalidity of the will was based. Hancock v. Frazier, 264 Ala. 202, 86 So.2d 389; Smith v. Bry-

ant, 263 Ala. 331, 82 So.2d 411, 414; McCutchen v. Loggins, 109 Ala. 457, 19 So. 810.

The complainant, appellant here, offered no evidence at the trial of the case but claimed the evidence offered by appellee was insufficient to show due execution on the theory that the witness, "James Andersen," never existed. The evidence in this case will just as well support the theory that James Andersen did exist at the time of the execution of the will but has since died or left the state and was unavailable.

The judgment or decree probating the will, and which was introduced in evidence, contained the following recital:

"It further appears to the Court that definite proof of the death of E. S. Crenshaw was duly offered and that the evidence relating to James Andersen would indicate that he was engaged in some maritime activity since the testator spent his working hours on the wharfs or river, that the fact that he is wholly unknown to water front industries, that he has not been a resident as shown by directories and employment records would indicate that James Andersen was not a resident of this community, that he is engaged in maritime or shipping employment and since the Court judicially knows that this is a seaport where vessels from all over the world regularly discharge and pick up cargo, since the spelling of the name of James Andersen would indicate the use of Scandinavian form rather than English or American, it is probable that James Andersen was a nonresident of the State of Alabama and is now a nonresident of this State."

■ When the case was tried in the equity court, there was more or less a general finding, but the evidence introduced is more than ample to support the facts found by the probate court. This evidence was taken ore tenus before the trial court. In other words, the evidence is sufficient to support an inference of the existence of "James Andersen," a person who did exist and did witness the will and who is now dead, without the state, or otherwise not available.

■ We think that the trial judge was justified in its action permitting the several witnesses to give secondary evidence as to the handwriting or signatures of the testator and that of a deceased subscribing witness when taken in connection with the efforts to locate the absent or unavailing witness, James Andersen. And if the court so found, then the proof of the testator's signature and that of the witness, E. S. Crenshaw, was sufficient to show due execution under Secs. 39 and 40, Title 61, Code 1940.

■ This Court has said numerous times that if any theory consistent with the validity of the will can be suggested which appears to the court or jury trying the issue to be as probable as the theory on which the argument for invalidity is based, the will as found must be maintained. Massey v. Reynolds, 213 Ala. 178, 104 So. 494; Stuck v. Howard, 213 Ala. 184, 104 So. 500; Barnewall v. Murrell, 108 Ala. 366, 388, 18 So. 831. In Barnewall v. Murrell, supra, this Court said:

"* * * Instead of indulging suspicion or conjecture to destroy the validity of wills, the courts are bound to support them against mere suspicion or conjecture,—bound to support them when any theory or hypothesis maintaining them is as probable as that which is suggested to defeat them.

We hold that the evidence was sufficient to support the finding of the court below and the case is due to be affirmed.

Affirmed.

SIMPSON, GOODWYN and MERRILL, JJ., concur.

LAWSON and COLEMAN, JJ., dissent.

COLEMAN, Justice (dissenting).

The alleged will purports to have been attested by two witnesses. No presumption attends the appearance of a name written on a piece of paper which is alleged to be a will. The law requires that the will be attested by two witnesses and the burden was on proponents to prove that the will was attested by two witnesses who subscribed their names thereto in the presence of the testator. Hancock v. Frazier, 264 Ala. 202, 86 So.2d 389.

There is no proof that one of the purported witnesses so attested the will. There is no proof that he wrote his name at all. The genuineness of his alleged signature has not been proved. There is no proof of his identity or even that such a person ever existed.

I am of opinion that the proponents have failed to prove due execution as required by law. In re Lee's Will, Sur., 46 N.Y.S. 2d 214; Goodwin v. Riordan, 333 Mass. 317, 130 N.E.2d 569; In re Wood's Estate, 153 Misc. 128, 274 N.Y.S. 461; Barnett v. Freeman, 197 Ala. 142, 72 So. 395; Barnewall v. Murrell, 108 Ala. 366, 18 So. 831; Bowling v. Bowling, 8 Ala. 538.

LAWSON, J., concurs in the above dissent.