155 So.2d 345

James M. FERRELL et al.

v.

Warren MINNIFIELD.

5 Div. 779.

Supreme Court of Alabama.

June 20, 1963.

Rehearing Denied July 18, 1963.

Robt. J. Hooton, Roanoke, for appellee.

Lewis H. Hamner, Jr., Roanoke, for appellants.

MERRILL, Justice.

Appellants contested the will of Joe Callaway, deceased, in a suit in equity under Tit. 61, § 64, Code 1940. The trial court upheld the will which left decedent's property to a stepson, and contestants, nephews and the sole heirs at law, appealed.

The will was contested on the grounds of undue influence on the testator by the respondent, and that the will was not duly and legally executed. We are not here concerned with the allegation of undue influence.

The question before us is whether the evidence was sufficient to prove the legal execution of the will. We have concluded that it was not sufficient.

On a will contest in equity court, the burden of proof is on the proponents

of the will of proving to the court's reasonable satisfaction that the testator signed the will and caused it to be attested by two witnesses who subscribed their names thereto in the presence of the testator. Hancock v. Frazier, 264 Ala. 202, 86 So.2d 389.

The will in the instant case was signed "Joe Callaway" and the witnesses signed "Willie Bailey" and "Josephine Bailey." On its face, the will complied with the requirements of Tit. 61, § 24, as to the signature of the testator and the proper number of witnesses.

When the trial opened, the proponent, appellee, following the procedure approved in Smith v. Bryant, 263 Ala. 331, 82 So.2d 411, first introduced the proceedings in probate court. After an objection by the appellants that the probate proceedings showed the testimony of only one subscribing witness was overruled, the proponent rested, and contestants called their witnesses, the proponent called two witnesses in rebuttal, not in relation to the execution and attestation of the will, and the cause was taken under submission.

Prior to submission, appellants again raised the point that the proponent had failed to meet the burden of proof of proving the validity of the will because the probate proceedings showed the testimony of only one attesting witness and no accounting for the other listed witness.

The decree of the trial court held "that the proceedings in the Probate Court, including the testimony reduced to writing by the Judge of Probate, prima facie sustain the validity of the will, and that the complainants' testimony is devoid of any showing of invalidity."

Appellee seeks to sustain this holding by the following statement from Ray v. McClelland, 274 Ala. 363, 148 So.2d 221:

"* * * When the respondent introduced the probate proceedings, the validity of the will was prima facie sustained and it became the duty of the complainant to offer evidence upon which the invalidity of the will was based. Hancock v. Frazier, 264 Ala. 202, 86 So.2d 389; Smith v. Bryant, 263 Ala. 331, 82 So.2d 411, 414; McCutchen v. Loggins, 109 Ala. 457, 19 So. 810."

We think that Ray v. McClelland, supra, and the cases there cited are easily distinguishable from the instant case.

In Ray v. McClelland, supra, one of the subscribing witnesses was dead and the other, James Andersen, could not be found. The proponents there, complying with Tit. 61, § 39, proved in probate court, according to the proceedings introduced in circuit court, the handwriting of the testator and the handwriting of the deceased witness Crenshaw, and showed a reasonable probability that Andersen was a nonresident of Alabama. There, as here, there was no contest in probate court; the contest in equity resulted in the circuit court sustaining the probate court and we affirmed.

In Hancock v. Frazier, 264 Ala. 202, 86 So.2d 389, the probate court proceedings showed the testimony of both of the witnesses to the will, and the execution and attestation was duly proven in that court.

In McCutchen v. Loggins, 109 Ala. 457, 19 So. 810, "the will probated, when executed and attested, was, and was intended at that time to operate as, a last will and testament."

In Smith v. Bryant, 263 Ala. 331, 82 So.2d 411, the situation was very similar to the one here. There, the will showed two witnesses, but only one was called in probate court. There was no contest in probate court and the will was duly probated. But on the contest in equity, the record shows that both witnesses to the will were present and testified that they signed it as witnesses. But in the instant case, there is proof by only one witness and no accounting for the other witness in either probate or circuit court.

Title 61, § 39, Code 1940, provides that where no contest is filed, the testimony of only one attesting witness is sufficient.

The written testimony of the one subscribing witness was sufficient for the probate of the will in probate court in Smith v. Bryant, supra, and in the instant case because there was no contest in probate court. And the probated will and the proceedings connected therewith were properly introduced in the contest in equity.

The right of contest of a will in a court of equity is purely of statutory creation, and the statute, Tit. 61, § 64, creates a new substantive and independent right. The admission of the will to probate in the probate court is, therefore, a condition precedent to the jurisdiction of the equity court to entertain such a contest. Wachter v. Davis, 215 Ala. 659, 111 So. 917; Smith v. Bryant, 263 Ala. 331, 82 So.2d 411.

Under Tit. 61, § 39, a will, upon formal contest, must be proved by both subscribing witnesses, or if one is not available, his absence must be accounted for to get in secondary evidence of his attestation, as secondary evidence should be resorted to only in the absence of primary proof of both the subscribing witnesses. Barnett v. Freeman, 197 Ala. 142, 72 So. 395.

These conditions were met in Ray v. McClelland, 274 Ala. 363, 148 So.2d 221, and the authorities cited therein in support of the proposition from that case quoted supra.

Where the proceedings in the probate court show, by proof of two witnesses, or one and a proper accounting for the other, that the will was properly executed, it is not necessary to produce the same witnesses again in a contest in equity or to take the same steps to prove the execution of the will, in view of Tit. 61, § 67, which makes the evidence taken in probate court admissible in the equity court. Cummings v. McDonnell, 189 Ala. 96, 66 So. 717. But when a will is contested, there should be proof of execution as provided by the statute in either the probate court or the circuit court in equity.

Appellants argue that the question was "will" or "no will" and if the trial court erred, the decree should be reversed and the decree of "no will" rendered by this court. We cannot agree.

The appellants properly raised the question of the lack of proper proof of the execution of the will, but the court ruled that the execution of the will had been sufficiently proved and admitted it in evidence, upon the proof of one subscribing witness. Had the trial court sustained appellants' objection to the will, then in all probability the appellee would have produced the other subscribing witness, or accounted for a failure to do so, and resorted to secondary evidence. Barnett v. Freeman, 197 Ala. 142, 72 So. 395.

Summarizing, we hold, (1) evidence of the probated will and the probate proceedings are admissible when a will is contested for the first time in a suit in equity under Tit. 61, § 64, even though the proceedings show the testimony of only one subscribing witness to the will; (2) upon a contest, the execution of the will must be proved by both subscribing witnesses, or if one is not available, his absence must be accounted for, before resorting to secondary evidence; (3) when these conditions were met in the probate court and the probate proceedings are introduced into evidence in a contest in equity, the validity of the will is prima facie sustained and the proponents may then rest their case; (4) the failure to offer proof of execution by two subscribing witnesses, or to account for the absence of one, in the event of a contest, will not sustain a decree in favor of the proponents of the will.

It follows that the decree is reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.