SHORES, Justice.
This is an appeal from a judgment based on a jury verdict in a will contest. We affirm.
Billie Crim died on July 27,1992. She was survived by her husband of 39 years, Forrest Crim, and her daughter from a prior marriage, Colleen C. Pike. Two wills were offered for probate in Shelby County: 1) a will naming Forrest as executor and devising the residuary estate to him was dated April 20, 1987; 2) a will naming Colleen as executrix and devising the residuary estate to her was dated July 9, 1992.
*904 Colleen contested the 1987 will on the grounds that it had been revoked by the subsequent July 1992 will. “Forrest contested the July 1992 will on the grounds of lack of testamentary capacity, lack of proper execution, undue influence, and fraud. Colleen filed a motion to transfer the will contest to the Shelby County Circuit Court, pursuant to § 43-8-198, Ala.Code 1975.
The case was tried in the circuit court before a jury in December 1993. At trial, Colleen offered a third will, dated May 5, 1992, that, like the July 1992 will, named her as executrix and left the residuary estate to her, as further evidence that the 1987 will had been revoked. After both parties had rested, Colleen made an oral motion to amend her pleadings to conform to the evidence adduced at trial, under Rule 15(b), A.R.Civ.P. The court granted her motion in open court. The trial judge directed Colleen to file an amendment to her petition for probate to ask that the May 1992 will be admitted to probate in the event that the July 1992 will was held to be invalid.
The trial judge submitted both 1992 wills to the jury, by special interrogatories. The jury found that the July 1992 will was invalid for want of testamentary capacity, but found the May 1992 will valid. After the trial, the judge entered an order, dated January 5, 1994, reading as follows:
“ORDERED ADJUDGED AND DECREED by the Court as follows:
“1. The last will and testament of May 5, 1992 shall be admitted to Probate and Letters Testamentary shall be issued by the Probate Court to the [executrix] named therein.
“2. The estate shall be [administered] pursuant to the terms of the Last Will and Testament of May 5, 1992.
“3. This matter shall be transferred back to the Probate Court upon the passage of forty-two (42) days from the date of this Order unless this matter is appealed before that time.”
On February 4, 1994, Forrest Crim filed a motion for a new trial and a motion to alter, amend, or vacate the judgment. The trial court denied his motions, and he appealed.
Forrest contends that the judgment must be reversed on the grounds 1) that the circuit court lacked subject matter jurisdiction over the will of May 1992 because that will was not offered for probate before the trial and 2) that the trial court erred in permitting an amendment to the pleadings under Rule 15(b), A.R.Civ.P.
We have carefully studied the record in this case and conclude that the judgment is due to be affirmed. The record reflects that the May 1992 will was used at trial as evidence that the 1987 will had been revoked. It was admitted over a general objection by Forrest’s counsel. Colleen amended her pleadings to conform to the evidence, pursuant to Rule 15(b), A.R.Civ.P., at the close of all the evidence.
The jury held that Billie Crim had lacked testamentary capacity when she executed the July 1992 will, and, therefore, that will was invalid. The jury held that she had possessed the testamentary capacity to execute the May 1992 will and that she had been free from undue influence in its execution. The trial court then remanded the case to the probate court, for the probate court to admit the May 1992 will to probate and to issue letters testamentary. Colleen amended her petition for probate to include the May 1992 will.
The situation in the present case is similar to that in Bardin v. Jones, 371 So.2d 23 (Ala.1979), where this Court considered the question of whether an amendment to the pleadings under Rule 15(b), A.R.Civ.P., is permissible in a will contest in the circuit court. We wrote:
“It may often happen that viable issues will not be revealed until depositions are taken, as is specifically authorized under § 43-1-74, [Ala.Code 1975]. Consequently, we see no justifiable reason to limit the parties in the presentation of their case simply because the contest has already been transferred. Such a ruling would herald a return to the abandoned practice of ‘trial by battle’ and would be an anachronism in a legal system in which the avowed purpose of procedural rules is ‘to secure the just, speedy and inexpensive determination of every action.’ In short we now hold that the circuit court following transfer of a will contest to it under *905 § 43-1-78 can consider any issues presented in an appropriate pleading under the Rules of Civil Procedure, provided those issues can properly be raised in a mil contest....”
Bardin v. Jones, 371 So.2d at 26. A situation analogous to the situation that warranted a Rule 15(b) amendment in Bardin occurred in this case. Another means of proving the revocation of the 1987 will was discovered during the deposition of Colleen Pike, and the pleadings were later amended to assert that issue. We find no error here.
In addition, Forrest was not prejudiced by the amendment. He conceded that he had learned of the existence of the May 1992 will more than five months before the trial, during Colleen’s deposition. During the pretrial conference in November 1993, the May 1992 will was identified as an additional means of proving the revocation of the 1987 will. Colleen’s witness list contained the names of the scrivener, the witnesses, and the person who had notarized the May 1992 will. All of these persons testified at trial without objection from Forrest, and they were cross-examined by his counsel. Billie Crim’s treating physician was also deposed.
For the reasons stated above, the judgment based on the jury verdict is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, KENNEDY, and COOK, JJ., concur.