SHAW, Justice
(dissenting).
I respectfully dissent. I do not believe that the main opinion correctly applies this Court’s decision in Hancock v. Frazier, 264 Ala. 202, 86 So.2d 389 (1956); the main opinion actually alters the traditional burdens of proof in a will contest filed in the circuit court under Ala.Code 1975, § 43-8-199. I additionally believe that this Court has denied the respondents, the Dorough brothers, due process of law by reversing the judgment of the Court of Civil Appeals on issues as to which this Court actually denied certiorari review. Finally, I respectfully dissent from the portion of the main opinion reversing the Court of Civil Appeals’ judgment on an issue raised by none of the parties.
In ground “A” of Denise Scott Ricks’s petition for certiorari review, she contended that the Court of Civil Appeals’ decision conflicted with prior caselaw regarding “whether the proceedings of the Probate Court establish a prima facie case of due execution of the subject will.” Petition at 3. Specifically, Ricks contended in ground “A” that the Court of Civil Appeals’ decision “misconstrues and misapplies the language of Hancock.” This Court granted the petition solely as to this ground.
Section 43-8-199 provides for an action in the circuit court to contest a will that has been previously admitted to probate by the probate court. In Hancock, this Court stated that “in such a suit as this ‘those who claim under the probated will [here, Ricks] must show affirmatively its validity....’” Hancock, 264 Ala. at 203-04, 86 So.2d at 390 (quoting McCutchen v. Loggins, 109 Ala. 457, 462, 19 So. 810, 812 (1895)). See Ferrell v. Minnifield, 275 Ala. 388, 389-90, 155 So.2d 345, 346 (1963) (“On a will contest in equity court, the burden of proof is on the proponents of the will.... ”). This Court further noted that the validity of the will is “prima facie *1153 sustained by the proceedings in the probate court admitting the will to probate.” Hancock, 264 Ala. at 204, 86 So.2d at 390. Hancock makes clear in the very next sentence, however, that the admission of the will to probate by the probate court does not shift any burden to the persons contesting the will to disprove the will: “The duty, not a shifting of the burden of proof, is then upon the [plaintiffs, who are contesting the will,] to introduce evidence on which it is claimed the ‘alleged invalidity of the will is based.’ ” Hancock, 264 Ala. at 204, 86 So.2d at 390 (quoting Smith v. Bryant, 263 Ala. 331, 334, 82 So.2d 411, 414 (1955) (emphasis added)). If the submission in the circuit court of the proceedings in the probate court does not shift the burden of proof to the party contesting the will, then it cannot be said that the submission of the probate judgment in any way proves or supports the case of the will’s proponent. Any purported presumption in favor of the validity of the will indicated by this language, however, is destroyed — not merely rebutted — when the party contesting the will in the circuit court action submits evidence indicating that the will was invalid: “[W]hen [the plaintiffs] introduce such evidence from which [the will’s] invalidity may be inferred, the judgment in the probate proceedings will have lost its value as evidence, for the trial is de novo.” Hancock, 264 Ala. at 204, 86 So.2d at 390. The circuit court action, as explained in Hancock, is essentially a “trial de novo” of the probate proceeding; in a trial de novo, the actions and judgment in the lower court carry no weight. Ball v. Jones, 272 Ala. 305, 309,132 So.2d 120,122 (1961) (“A trial de novo, within the common acceptation of that term, means that the case shall be tried in the Circuit Court as if it had not been tried before, and that that court may substitute its own findings and judgment for that of the lower tribunal.”). The Hancock Court further stated that, in a circuit court will contest, “the judgment in the probate court has no probative value.” Hancock, 264 Ala. at 204, 86 So.2d at 391 (emphasis added). The circuit court action is a new trial to determine the validity of the will; the probate court’s judgment has no value as evidence of the validity of the will (“no probative value”).[4] This is in accord with the idea of a trial de novo, where the lower court’s judgment is treated as if it did not exist.[5]
The main opinion, however, appears, contrary to Hancock, to assign probative value to the probate court’s judgment, i.e., giving the probate court’s judgment “value as evidence” and “probative value,” despite the holding of Hancock. The main opinion further posits that the submission of the probate proceedings in the circuit court creates a rebuttable presumption under Rule 301(b)(1), Ala. R. Evid., i.e., a “presumption ... requiring the trier of fact to assume the existence of the presumed fact.” This is the complete opposite of what Hancock says: “[T]he judgment in the probate court has no probative value.” 264 Ala. at 204, 86 So.2d at 391.
The main opinion attempts to bolster its contrary reasoning by noting a purported inconsistency in Hancock, namely, that the portions of that opinion stating that the fact that the probate court admitted the will to probate has no evidentiary value conflict with the portion of the opinion stating that the introduction of the probate *1154 proceedings “prima facie sustain[s]” the will.[6] However, there is no actual inconsistency in Hancock; there is only a perceived inconsistency as a result of the odd posture of the parties in a will contest in the circuit court. The persons contesting the will file the circuit court action and are the plaintiffs; the proponent of the will in the probate court proceedings is now the defendant. Normally the plaintiff in an action proves his or her case, but the defendant here — the proponent — must first put forth the will (by introducing the probate proceedings) that the plaintiff/contestant intends to attack. Thus Hancock states that the “prima facie” showing made by the' probate court proceedings “only serves to give direction to the order of procedure in the circuit court,” not that it proves the proponent’s position. Hancock, 264 Ala. at 204, 86 So.2d at 391 (emphasis added). Further, the submission of the probate court’s judgment was required to provide a jurisdictional prerequisite to the circuit court, sitting in equity, to hear the case:
“It is also said in McCutchen v. Loggins, supra, that when complainants showed their interest and right to contest in equity ‘the burden was placed upon the respondents to affirm and maintain the validity of the probated will. Complainants have no standing in the chancery court, except as contestants.’
“... [0]n such contest the judgment in the probate court has no probative value, and only serves to give direction to the order of procedure in the circuit court in equity and support for equity jurisdiction.”
Hancock, 264 Ala. at 204, 86 So.2d at 390-91 (emphasis added). See also Ferrell, 275 Ala. at 391, 155 So.2d at 347 (“The admission of the will to probate in the probate court is, therefore, a condition precedent to the jurisdiction of the equity court to entertain such a contest.”). The probate court’s judgment did not provide substantive support for the proponent’s case; it “only” provided a starting point for the proceedings and the support for the exercise of equity jurisdiction. When the party contesting the will presents evidence showing the invalidity of the will, the proponent/defendant must rebut that evidence. Hancock lays out this procedure as follows:
“[T]he proper procedure is that the [defendant], who is in effect the proponent, should first introduce the proceedings admitting the will to probate in the probate court.... [The plaintiff,] who is the contestant, ‘should then introduce testimony on which the alleged invalidity of the will is based. The [defendant] should then introduce the rebuttal testimony. ...’”
Hancock, 264 Ala. at 203, 86 So.2d at 390. The introduction of the probate court’s judgment admitting the will to probate serves only to set the stage for the plaintiffs’/contestants’ will contest and to establish the circuit court’s jurisdiction. The introduction of the probate proceedings does not, in a trial de novo, satisfy a burden on the part of the defendant that the plaintiffs must rebut in their case-in-chief. I dissent from any holding in the main opinion to the contrary.
Even if the main opinion’s application of Hancock is set aside, the argument might be made that the evidence submitted by Ricks at trial nevertheless supported the will and thus supports the circuit court’s decision. This is the issue presented in ground “B” of Ricks’s certiorari petition. *1155 Specifically, she alleged, among other things, that the Court of Civil Appeals erred in holding: (1) that the will contained no official seal; (2) that the testimony of the notary public that she had “notarized” the signatures was insufficient to show that the will contained a seal; (3) that the circular mark on the copy of the will was not indicative of a seal; and (4) that Ricks did not introduce the probate proceedings into evidence, despite the fact that a copy of the probate court’s record was transferred to the circuit court. This Court denied certiorari review as to ground “B”; thus, those issues are not before us, and I express no opinion as to whether the Court of Civil Appeals correctly decided those issues. I believe that ruling on an issue this Court expressly stated it would not review is erroneous and arguably denies the respondents due process of law.
Additionally, the main opinion holds that the respondents waived their argument that no seal was affixed to the will because the argument was raised for the first time in an interlocutory motion filed after the circuit court had entered a nonfinal order. This argument was rejected by the Court of Civil Appeals, and Ricks did not oppose that holding in either her certiorari petition or her brief to this Court. The respondents, with no notice that waiver was even at issue, also do not discuss the issue in their brief. Because the issue is not raised or discussed, and is, in any event, material only to the issues upon which this Court denied certiorari review, I must respectfully dissent.

. Certain evidence submitted in the probate court is still admissible in the circuit court proceeding. See Ala.Code 1975, §§ 43-8-171 and -202.

. Subsequent decisions repeating language from Hancock did not alter this proposition. Ferrell v. Minnifield, 275 Ala. 388, 155 So.2d 345 (1963); Ray v. McClelland, 274 Ala. 363, 148 So.2d 221 (1962).

. The main opinion provides no reason as to why it chooses one side of this purported conflict as correct and rejects the other.