(118 So. 264)

### COLLINS v. STATE. (4 Div. 342.)

Court of Appeals of Alabama. Jan. 10, 1928.

Rehearing Denied Feb. 7, 1928.

Brassell & Brassell, of Montgomery, for appellant.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

RICE, J. Appellant was convicted of the offense of violating the prohibition laws (Code 1923, §§ 4615–4800) by unlawfully having in his possession prohibited liquor.

The prosecution was begun by affidavit made before a justice of the peace, and a warrant issued by him returnable to the law

court of Pike county. Acts 1888–89, p. 631. The case was later transferred to the docket of the circuit court of Pike county, under the terms of the act of the Legislature of Alabama approved August 16, 1915. Gen. Acts 1915, p. 279.

██ Appellant claims a "discontinuance of the prosecution" in the law court of Pike county, before its transfer to the circuit court, because of the fact that several terms of said law court had passed after the arrest of appellant without any action being taken on his case. We doubt whether this operated as a "discontinuance." Roszell v. State, 19 Ala. App. 462, 98 So. 35. But whether so or not, appellant by appearing, without objection, and pleading "not guilty" in the circuit court, waived the "discontinuance," if such there was. Ex parte Hall, 47 Ala. 675. As said by Mr. Chief Justice Peck, in the case just cited:

"In practice, it is required of every one to take advantage of his rights at the proper time, and neglecting to do so will be considered a waiver."

█ The insistence of appellant that the judgment here appealed from be reversed because of a failure of the record to show a "complaint filed by the solicitor" in the circuit court is without merit. In prosecutions for violations of the prohibition laws, this is unnecessary. Code 1923, § 4646.

The rulings with reference to the taking of testimony were manifestly without prejudicial error.

█ Written charge 2, requested by appellant, was properly refused.

█ We have been impressed with the energy and industry displayed by appellant's counsel in undertaking to convince us that the conviction in this case "was unrighteous and unjust." But whether we agree with him or not, we have conscientiously discharged our duty, as best we know how, by searching the record for error of a nature prejudicial to appellant's rights. Finding none, the judgment must be and is affirmed.

Affirmed.