82 So.2d 411

**Nell Carnes SMITH**

v.

**Sybil C. BRYANT.**

**7 Div. 278.**

Supreme Court of Alabama.

Sept. 15, 1955.

Roy D. McCord and Rowan S. Bone, Gadsden, for appellant.

E. G. Pilcher, Jack Floyd and Jas. C. Stivender, Jr., Gadsden, for appellee.

STAKELY, Justice.

This is a case involving certain procedural questions in connection with a contest

of a will, in equity, under § 64, Title 61, Code of 1940.

Emmitt Carnes died on August 25, 1953, in Etowah County, Alabama. He executed an alleged will on March 9, 1953, while he was in a hospital in New Orleans, Louisiana. He left surviving him his wife, who is now Nell Carnes Smith (appellant), and a daughter Sybil C. Bryant (appellee).

The will was duly and legally probated in the Probate Court of Etowah County, Alabama, on the 17th day of September, 1953. The contest of the will was filed in the Circuit Court of Etowah County, in Equity, by Sybil C. Bryant, the daughter of the testator, who had not contested the will in the probate court. The jury returned the following verdict: "We, the jury, find the issues in favor of Sybil C. Bryant."

A number of incidents on which are based assignments of error occurred during the trial of the case. These incidents are assigned separately as error but we think we can consider them here together. The trial of the case took the following course. Opening statements were made to the jury and the court called for the first witness. The respondent (appellant here) made no move to call her witnesses. Without objection Sybil C. Bryant (appellee here) took the stand, and without objection placed the entire probate file containing the will and the order of the probate court showing its probate in evidence. The probate file contained the petition of Nell Carnes to probate the will and the waiver of the notice to probate the will signed by Sybil C. Bryant. Included in such waiver were the following words: "* * * and the undersigned hereby consents that instrument may be immediately admitted to probate and record as the last will and testament of Emmitt Carnes, deceased."

Without objection the complainant introduced further evidence contesting the will, including testimony of the two attesting witnesses to the will, after which the complainant rested her case. The respondent then placed all of her witnesses on the stand and rested. The respondent then made the opening and closing arguments to the jury.

Dr. Homer Dale Kirgis testified that he performed a brain operation on Emmitt Carnes in New Orleans about the 9th day of March 1953 and that at the time the deceased signed the will he was mentally incompetent in the opinion of the witness. This witness testified that the deceased was suffering from a cancer on the brain and that a portion of his brain was removed.

After the testimony of Dr. Kirgis and before the testimony of the attesting witnesses was given, the respondent made a motion to designate herself as plaintiff in the case and Sybil C. Bryant as defendant. The court overruled this motion and this action of the court is assigned as error. After the testimony of Dr. Kirgis, the appellant also moved the court to dismiss the cause, the ground of the motion being that the complainant had offered in evidence during the trial the court file and proceedings in the Probate Court of Etowah County, including the decree of the court adjudging Emmitt Carnes to be of sound mind at the time he executed the will involved in this cause. Assignment of error is also based on the refusal of the court upon the motion of respondent to enter a mistrial immediately after the complainant rested her case and before the respondent introduced her evidence.

I. It appears to be the position of appellant that the case was tried backwards and that her substantial rights were affected by the foregoing rulings of the court. We do not agree with this position.

It is true that the statute, § 52, Title 61, Code of 1940, provides that upon trial of a contest of a will in the probate court the issues must be made up under the direction of the court between the person making the application, as plaintiff, and the person contesting the validity of the will, as defendant. When the case is transferred to the circuit court as provided in § 63, Title 61, Code of 1940, it is provided that the issues must be made up in the circuit court as if the trial were had in the probate court and then trial had in all other respects as trials in other civil cases in the circuit court. But in § 64, Title 61, Code of 1940, where there is the contest of a will in the equity

court under the provisions of § 64, there is no requirement in the statute as to who shall be designated as plaintiff and who shall be designated as defendant. This difference in the foregoing statutes is referred to in Crawford v. Walter, 202 Ala. 235, 80 So. 73. However, in McCutchen v. Loggins, 109 Ala. 457, 19 So. 810, it was shown that when the probate of a will is contested in the chancery court under § 2000 (now § 64, Title 61, Code of 1940), those who claim under the probated will must show affirmatively its validity and become the actors. And further that the burden is upon the respondents to affirm and maintain the validity of the probated will and further that the complainants have no standing in the chancery court except as contestants.

In Copeland's Ex'r v. Copeland's Heirs, 32 Ala. 512, there was a bill in equity to set aside the probate of a will on the ground of mental incapacity, fraud and undue influence. Among other things the court said:

"Although the real issue presented for decision is, whether the will of Ira Copeland is valid or not, and consequently the respondents hold the affirmative; yet as the complainants attempt to impeach the will on the ground of the insanity or incapacity of the testator, and as the law presumes every man to be sane until the contrary is shown, the burden of proving unsoundness or incapacity is thrown on the party contesting the will for that cause."

See also Mathews v. Forniss, 91 Ala. 157, 8 So. 661.

We call attention to the fact that in the present case the complainant in the original bill of complaint alleged that "the purported will was on the 17th day of September, 1953, probated in the Probate Court of Etowah County, Alabama, and that the said Sybil C. Bryant did not contest the said will when the same was offered for probate in the Probate Court of Etowah County, Alabama. We also call attention to the fact that the allegations here quoted from the bill were expressly admitted as true by the answer of the respondent.

While we have seen no statement by this court as to the exact manner in which trials should be had under the provisions of § 64, Title 61, Code of 1940, providing for a will contest in the equity court, we would say that the respondent, who is in effect the proponent, should first introduce the proceedings in the probate court, that is the petition to probate the will, the order fixing the time for hearing and giving notice, testimony of the attesting witnesses and proof of will, the decree admitting the will to probate and the will itself. Section 44, Title 61, Code of 1940, provides in effect that a will which has been admitted to probate must be received without further proof. The complainant, who is in effect the contestant, should then introduce testimony on which the alleged invalidity of the will is based. The respondent should then introduce the rebuttal testimony, if any. The respondent should then make the opening argument to the jury, the complainant should then make the argument for complainant and the respondent should have the closing argument.

We base our ideas as to the order of procedure after a study of our cases and in this connection refer also to statements contained in 57 Am.Jur. § 925, p. 608.

It is true that the order of the trial which we have outlined was not followed exactly in the case at bar. However, a number of reasons cause us to consider that the errors, if any, in the rulings of the court to which we shall refer, do not constitute reversible error.

In the equity court we are interested in substantive justice rather than in the mere technicalities of procedure, Segall v. Loeb, 218 Ala. 433, 118 So. 633; 19 Am. Jur. §§ 459–460, pp. 317–318, and the issues made by the pleadings in the case, should be a guide to the litigants. Furthermore it is a settled principle that neglect to take advantage of rights at the proper time will be regarded as a waiver of such rights. Collins v. State, 22 Ala.App. 323, 118 So.

264, certiorari denied 218 Ala. 250, 118 So. 265.

■ In the case at bar the respondent made no objection to the introduction of the complainant's evidence until a substantial part of the complainant's evidence had been introduced. The objection to the procedure, therefore, came too late. Furthermore under the express allegations of the bill it was necessary to show the probate of the will in the probate court because the probate of the will in the probate court is essential to the jurisdiction of the equity court. Wachter v. Davis, 215 Ala. 659, 111 So. 917. Certainly where the bill alleges the probate of the will in the probate court and the probate of such will is essential to the jurisdiction of the equity court, we will not say that it was error for the court to allow proof of the probate of the will under the circumstances in this case. Wachter v. Davis, supra.

It is argued however that the proof of the file in the probate court showed a signed statement by the complainant that she consented that the instrument be immediately admitted to probate and recorded as the last will and testament of Emmitt Carnes, deceased. It is contended that by reason of the fact that she introduced this evidence in the probate court, she cannot now impeach her own statement in the equity court. This view overlooks the important purposes of § 64, Title 61, Code of 1940.

■ The origin, history and purpose of § 64, Title 61, Code of 1940, are discussed in Knox v. Paull, 95 Ala. 505, 11 So. 156. In that authority it is shown that the statute was enacted in order to give additional opportunity to contest the validity of a will which has been admitted to probate in the probate court. The idea is that applications to prove the will in the probate court usually follow close upon the death of the testator and the application for probate in the probate court comes on for hearing on short notice. It therefore frequently happens that persons interested in the proceedings are wholly unable to inform themselves as to the instrument of-

fered for probate or the circumstances attending its execution. Facts affecting the validity of the will may be developed afterwards and the failure to discover them or to obtain evidence to prove them, may have been without the fault or any lack of diligence on the part of those interested in making the contest. Section 64 and its predecessors were, therefore, enacted so as to allow a reasonable time after a formal and regular probate for a contest of the validity of the will by all who did not make a contest in the probate court. The statute is not one of limitation but creates a new, substantive and independent right which may be exercised within the time prescribed. Kaplan v. Coleman, 180 Ala. 267, 60 So. 885.

■ We, therefore, do not think that the statement made in the probate of the will in the probate court should be so binding as to preclude proof by such declarant in the equity court of the facts in the case. Any statement theretofore made by the complainant in the case at bar in the probate court is not so binding upon her as to preclude her contest of the will in the equity court. Kaplan v. Coleman, supra.

As stated at the outset we do not consider that the various rulings to which we have referred were prejudicial to the appellant. They do not constitute reversible error. Authorities supra; Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

■ II. It is argued that the court was in error in overruling the demurrer of the respondent to the bill of complaint. Attention is called to paragraphs G and H of the bill. The demurrer however was only a general demurrer directed to the equity of the bill. Without question the bill contains equity and unless amendable defects are duly objected to and pointed out with reasonable certainty, they will not be considered. Whiteman v. Taber, 203 Ala. 496, 83 So. 595. There was no error in this ruling of the court.

■ III. It is claimed that the court committed reversible error in failing or re-

336

fusing to let Nell Carnes Smith answer questions propounded to her which sought to point out the fact that Emmitt Carnes himself drove his automobile with his wife in it from Gadsden, Alabama, to New Orleans, Louisiana, a day or two before the cancer was taken out of his brain. It is sufficient to say that these questions had been previously asked and answered without objection. The assignments of error are therefore based on a ruling of the court where the questions were repetitious.

We have examined other assignments of error but find no merit in them.

The judgment of the lower court is accordingly due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.