On Application for Rehearing

BRYAN, Judge.
This court’s opinion of June 1, 2012, is withdrawn, and the following is substituted therefor.
Adam Dorough, Rufus Dorough, James Dorough, Patrick Dorough, and Robert Dorough (collectively referred to as “the Dorough brothers”) appeal from a judgment in favor of Denise Scott Ricks in a will contest brought by the Dorough brothers. We reverse and remand.

Factual Background, and Procedural History

On June 9, 2009, Joseph Paul Dorough (“Joseph”) executed a will leaving all his property to Ricks and naming her as his personal representative. Ricks is the daughter of Margaret Farmer, who died in May 2009. Joseph and Farmer had begun dating in approximately 1988 when Ricks was 14 years old, and they had continued dating off and on until Farmer died in May 2009. Ricks testified that, although she was not related by blood or marriage to Joseph, she considered him a surrogate father and that they had had a close relationship. Joseph died on August 22, 2009. The Dorough brothers are Joseph’s brothers and next of kin.
On September 8, 2009, Ricks petitioned the Autauga Probate Court to admit Joseph’s will to probate. The Autauga Pro *1133 bate Court docketed Ricks’s petition as case number 09-151. On September 14, 2009, the Autauga Probate Court set Ricks’s petition for hearing on October 13, 2009.
On September 18, 2009, an attorney filed a notice of appearance on behalf of the Dorough brothers. On September 24, 2009, pursuant to a request by the Autau-ga Probate Court, the Autauga Circuit Court (“the trial court”) appointed a local attorney as a special probate judge to preside in case number 09-151. On the morning of October 13, 2009, shortly before the hearing regarding Ricks’s petition to admit the will to probate, the Dorough brothers filed an answer to Ricks’s petition. The answer denied that the will was valid but did not constitute a complaint asserting a will contest. See Bullen v. Brown, 535 So.2d 76 (Ala.1988) (holding that a motion for a continuance stating that “the crucial issue in this case is the validity of the Will” did not constitute a complaint asserting a will contest). \
The Autauga Probate Court proceeded with the hearing regarding Ricks’s petition on October 13, 2009, and the Dorough brothers and their attorney attended the hearing. On October 15, the Autauga Probate Court entered an order titled “Decree Admitting Self-Proving Will to Probate.” The order stated:
“This matter came before the Court on October 13, 2009, to be heard on the application of Denise Farmer Ricks to admit to probate and record the last will and testament of [Joseph], late an inhabitant of this County, heretofore filed in this Court.
“Present were Denise Farmer Ricks, the proponent, her counsel, Jack Owen, and [the Dorough brothers], next of kin of [Joseph], and Chip Cleveland, their counsel.
“It having been shown to the satisfaction of the Court that proper notice was given to each next of kin as required by law, and that all things have been done pursuant to the laws of this State, and to a former Order of this Court, after receiving testimony and evidence,
“The Court finds that the said instrument was made self-proving at the time of its execution by acknowledgment of [Joseph] and the affidavits of the witnesses, each made before an officer authorized to administer oaths and evidenced by the officer’s certificate, under official seal, attached to or following the will in the form required by law; and further finds that there has been no showing of fraud, forgery, undue influence or unsound mind of [Joseph].
‘WHEREUPON, the court finds that the aforesaid instrument of writing is the last will and testament of [Joseph], that it was executed, attested and self-proved, and that [Joseph] at the time of signing was of full age and sound mind and disposing memory and understanding.
“Therefore, the Court being satisfied of its jurisdiction herein, it is ordered, adjudged and decreed by the Court that said instrument of writing purporting to be the last will and testament of [Joseph] is hereby declared to be duly self-proved as the last will and testament of [Joseph] and such is admitted to probate, and ordered to be recorded, together -with the self-proving statements, and all other papers on file relating to this proceeding.”
(Emphasis added.)
Also on October 15, 2009, the Dorough brothers filed a motion titled “Motion to Transfer Proceeding to Circuit Court.” The record does not contain a ruling on that motion by the Autauga Probate Court. However, on October 19, 2009, the *1134 Dorough brothers filed an amended complaint in an action they had commenced against Ricks in the trial court on August 28, 2009. The complaint commencing that action had asserted claims that are not before us in this appeal; however, the amended complaint filed on October 19, 2009, asserted a will contest challenging the will on the grounds of (1) lack of valid execution, (2) undue influence, (3) fraud, and (4) lack of testamentary capacity. On November 24, 2009, Ricks answered the Dorough brothers’ amended complaint and denied the material allegations of their will contest. In response to a motion filed by the Dorough brothers, the trial court, on December 15, 2009, ordered the Autauga Probate Court to transfer case number 09-151 to the trial court. On January 15, 2010, the Autauga Probate Court filed with the trial court certified copies of the filings in case number 09-151.
The trial court held a separate bench trial regarding the will contest on November 16, 2010, and February 28, 2011, and received evidence ore tenus. Although caselaw has held that the proper procedure in a will-contest proceeding in circuit court after the admission of the will to probate by the probate court is for the proponent to introduce the proceedings in the probate court before the contestant of the will presents his or her case-in-chief, see Smith v. Bryant, 263 Ala. 331, 334, 82 So.2d 411, 414 (1955), the Dorough brothers presented their case-in-chief first, without asserting that they had no obligation to present their case-in-chief until Ricks had introduced the proceedings in the Autauga Probate Court. During their case-in-chief, the Dorough brothers introduced into evidence a copy of the will, which showed that Joseph and the subscribing witnesses had signed affidavits in the form specified by § 43-8-132, Ala.Code 1975, the Code section providing for self-proving wills, and that a notary public, as an officer authorized to administer oaths, had signed a certificate in the form specified by § 43-8-132, but it does not show that the notary public’s official seal is affixed to the will as required by § 43-8-132. Ricks never introduced the proceedings in the Autauga Probate Court into evidence, and the only evidence regarding the execution of the will she introduced was the testimony of the attorney who had drafted the will and, in her capacity as a notary public, had signed the certificate regarding Joseph’s and the subscribing witnesses’ execution of their affidavits. The attorney testified that Joseph had signed thé will in the presence of the two subscribing witnesses and that the attorney, in her capacity as a notary public, had notarized the signatures of Joseph and the two subscribing witnesses. However, she was not asked whether she had affixed her notary public’s official seal to the will as required by § 43-8-132. No party introduced the original will into evidence or called the subscribing witnesses to testify regarding the execution of the will.
At the close of all the evidence, the Dorough brothers orally moved the trial court for a judgment on partial findings[1] pursuant to Rule 52(c), Ala. R. Civ. P. The Dorough brothers asserted that they were entitled to a judgment in their favor because, they said, Ricks had the burden of making a prima facie showing that the will had been validly executed and had failed to meet that burden because, they said, she had not introduced the testimony of the *1135 two subscribing witnesses. In response, Ricks asserted that she had indeed made a prima facie showing that the will had been validly executed (1) through the testimony of the attorney who drafted the will, which, Ricks said, established that the will was self-proving, and (2) through the Autauga Probate Court’s order determining that the will was self-proving, which, Ricks said, had become a part of the record in the trial court when the Autauga Probate Court filed a certified copy of the order with the trial court. The trial court did not rule on the Dorough brothers’ motion at that time. ⅜
On March 25, 2011, the trial court entered an interlocutory order stating:
“This cause coming on before this Court ... and testimony being taken ore tenus on November 16, 2010 and February 28, 2011 on the single issue of the contest of the Will, this Court finds as follows:
“1. That [Joseph] executed [the will] on June 9, 2009.
“2. That the same was executed before two witnesses, Shannon Smith and Kimberly Kervin.
“3. That the two witnesses executed the same before a Notary Public, Joy Booth, who testified to the execution of. the notary acknowledgment and to making the instrument for [Joseph].
“4. That the execution of this instrument is in compliance with Alabama Code Section 48-8-132, 1975 and sub-paragraph (c) makes the execution proper without further proof, by a presumption.
“Wherefore, this Court finds the [will] is [Joseph’s] Last Will and is properly accepted as his final disposition for his Estate.”[2]
On April 22, 2011, the Dorough brothers filed a motion to alter, amend, or vacate the trial court’s March 25,. 2011, interlocutory order. In that motion, the Dorough brothers, among other things, asserted for' the first time that they were entitled to a judgment on partial findings because, they said, Ricks had failed to introduce evidence establishing that the notary public who certified the execution of Joseph’s and the subscribing witnesses’ affidavits had affixed her official seal to the will, which is required to make a will self-proving under § 43-8-132. That same day, the Dorough brothers filed a separate motion asking the trial court to certify its March 25, 2011, interlocutory order as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P.
On April 28, 2011, Ricks filed a motion asking the trial court, pursuant to Rule 201, Ala. R. Evid., to take judicial notice of the fact that the Autauga Probate Court had determined that the will was self-proving pursuant to § 43-8-132 as evidenced by the Autauga Probate Court’s October 15, 2009, order finding that the will was self-proving and admitting it to probate in case number 09-151, which, Ricks asserted, had been made a part of the record in the trial court when the Autauga Probate Court had filed a certified copy of the order with the trial court on January 15, 2010. On April 29, 2011, the trial court granted Ricks’s motion.
*1136 On July 25, 2011, the trial court entered an order denying the Dorough brothers’ motion to alter, amend, or vacate its March 25, 2011, interlocutory order, and, on August 2, 2011, the trial court entered an order certifying its March 25, 2011, interlocutory order as a final judgment pursuant to Rule 54(b).
On August 22, 2011, the Dorough brothers appealed to this court. Due to lack of jurisdiction, this court transferred the appeal to the supreme court, which transferred the appeal back to this court pursuant to § 12-2-7(6), Ala.Code 1975.

Analysis

The Dorough brothers first argue that the trial court erred because it did not grant their motion for a judgment on partial findings at the close of all the evidence.
“ ‘The standard of review applicable ... to rulings on motions for a judgment on partial findings by the trial court’ is ‘[o]rdinarily ... the ore tenus standard.’ Burkes Mech., Inc. v. Ft. James-Pennington, Inc., 908 So.2d 905, 910 (Ala.2004) (citing hoggins v. Robinson, 738 So.2d 1268, 1270 (Ala.Civ.App.1999), and Grant v. Bullock County Bd. of Educ., 895 F.Supp. 1506, 1508-09 (M.D.Ala.1995) (review under Rule 52, Fed.R.Civ. P.)). Under the ore tenus standard of review, findings on disputed facts are presumed correct, and the trial court’s judgment based on those findings will not be reversed unless the judgment is palpably erroneous or manifestly unjust. Southside Cmty. Dev. Corp. v. White, 10 So.3d 990, 991 (Ala.2008). ‘ “ ‘ “The presumption of correctness, however, is re-buttable and may be overcome where there is insufficient evidence presented to the trial court to sustain its judgment.” ”” 10 So.3d at 991-92 (quoting Retail Developers of Alabama, LLC v. East Gadsden Golf Club, Inc., 985 So.2d 924, 929 (Ala.2007), quoting in turn Wattman v. Rowell, 913 So.2d 1083,1086 (Ala.2005), quoting in turn Dennis v. Dobbs, 474 So.2d 77, 79 (Ala.1985)). See also First Alabama Bank of Montgomery, N.A. v. Coker, 408 So.2d 510, 512-13 (Ala.1982) (‘The presumption of correctness [attendant to ore tenus findings] is rebuttable and may be overcome where there is insufficient evidence presented to the trial court to sustain its judgment. In such instances where the proof at trial fails to support the material allegations on which the suit is based, the judgment rendered cannot be upheld on appeal.’). Additionally, we note that ‘the ore tenus standard is inapplicable “where the evidence is undisputed, or where the material facts are established by the undisputed evidence.” Salter v. Hamiter, 887 So.2d 230, 234 (Ala.2004).’ Burkes Mechanical, 908 So.2d at 910. In such cases, appellate review is de novo. Id. See also Ragsdale v. Ragsdale, 991 So.2d 770, 772 (Ala.Civ.App.2008).”
Lawson v. Harris Culinary Enters., LLC, 83 So.3d 483, 491 (Ala.2011).
Specifically, the Dorough brothers argue that the trial court should have granted their motion for a judgment on partial findings because, they say, Ricks had the burden of making a prima facie showing that the will had been validly executed and failed to meet that burden. This is so, according to the Dorough brothers, because Ricks neither made a showing that the will was self-proving because she did not introduce the original of the will to prove that the official seal of the notary public was affixed to it as required by § 43-8-132 nor introduced the testimony of the two subscribing witnesses to prove that the will was validly executed.
The proponent of a contested will has the burden of making a prima facie *1137 showing that the will was validly- executed. Bums v. Marshall, 767 So.2d 347, 351 (Ala.2000). The requirements for the valid execution of a will are set forth in § 43-8-131, Ala.Code 1975, which provides:
“Except as provided within section 43-8-135, every will shall be in writing signed by the testator or in the testator’s name by some other person in the testator’s presence and by his direction, and shall be signed by at least two persons each of whom witnessed either the signing or the testator’s acknowledgment of the signature or of the will.”
Section 43-8-132(a) provides that a will may be made self-proving “by acknowledgment thereof by the testator and affidavits of the witnesses, each made before an officer authorized to administer oaths under the laws of the state where execution occurs and evidenced by the officer’s certificate, under official seal.... ” (Emphasis added.) Section 43^8—132(c) provides that, “[i]f the will is self-proved, as provided in this section, compliance with signature requirements for execution is conclusively presumed.... ”
In Ex parte Helms, 873 So.2d 1139, 1144 (Ala.2003), the supreme court held that a will doe*s not comply with the requirements of § 43-8-132(a) unless the official seal of an officer authorized to administer oaths is affixed to the will. Consequently, in order to establish a prima facie case that the will was self-proving under § 43-8-132, and, therefore, that it was entitled to a presumption of valid execution under § 43-8-132(c), Ricks had the burden of making a prima facie showing that the official seal of the notary public who certified the execution of Joseph’s and the subscribing witnesses’* affidavits was affixed to the will. No seal is visible on the copy of the will introduced by the Dorough brothers. The certified copy of the will filed with the trial court by the Autauga Probate Court shows what may be a circular impression near the notary public’s signature, and, if it is indeed a circular impression, it is possible that that circular impression is the notary public’s official seal; however, even when the evidence is viewed in the light most favorable to Ricks, it is not sufficiently clear from the certified copy of the will that' what may be a circular impression near the notary public’s signature is indeed the notary public’s official seal to meet Ricks’s burden of making a prima facie showing that the notary public’s official seal is affixed to the will. The original of the will, which would be the best evidence of whether the notary public’s official seal is affixed to the will, was not introduced into evidence.
Ricks argues that the October 15, 2009, order of the Autauga Probate Court finding that the will is self-proving and admitting it to probate is sufficient to make a prima facie showing that the will is self-proving and that that order was admissible for the purpose of making a prima facie showing that the will is self-proving.
In Smith v. Bryant, supra, a case that was decided before the enactment of § 43-8-132, the Code section authorizing self-proving wills, the supreme court held that, in a will-contest proceeding after the will- has been admitted to probate, the proponent of the will “should first introduce the proceedings in the probate court, that is the petition to probate the will, the order fixing the time for hearing and giving notice, testimony of the attesting witnesses and proof of will, the decree admitting the will to probate and the will itself.” 263 Ala. at 334, 82 So.2d at 414 (emphasis added). Moreover, in Hancock v. Frazier, 264 Ala. 202, 203-04, 86 So.2d 389, 390 (1956), another case decided before the enactment of § 43-8-132, the supreme *1138 court stated that the proponent’s introduction of the proceedings in the probate court in accordance with the procedure specified in Smith v. Bryant will satisfy the proponent’s burden of making a prima facie showing that the will is valid. However, the supreme court made it clear in Hancock v. Frazier (1) that it is only the testimony of the subscribing witnesses reduced to writing by the probate judge pursuant to what is now § 43-8-169, Ala. Code 1975, that is probative regarding the issue whether the will was validly executed, (2) that the probate court’s order admitting the will to probate has no probative value regarding the issue whether the will was validly executed, and (3) that the probate court’s order admitting the will to probate is only admissible for the limited purposes of giving direction as to the procedure to be followed in the circuit court and support for the circuit court’s jurisdiction over the will contest.[3] 264 Ala. at 204, 86 So.2d at 390-91. In Hancock v. Frazier, the supreme court stated:
“[What is currently § 43-8-202, Ala.Code 1975,] ... provides that on the trial before the jury, or before the circuit judge on a contest in equity, the testimony of the witnesses which had been reduced to writing by the judge of . probate according to [what is currently § 43-8-169, Ala.Code 1975,] is'to be considered by the judge or jury. That should be shown in the note of testimony, when a note is necessary. But on such contest the judgment of the probate court has no probative value, and only serves to give direction to the order of procedure in the circuit court in equity and support for equity jurisdiction.”
264 Ala. at 204, 86 So.2d at 390-91 (emphasis added). We have not found any case-law holding that a different rule applies if the judgment of the probate court found that the will was self-proving. Accordingly, in the present case, we conclude that the October 15, 2009, order of the Autauga Probate Court finding that the will was self-proving and admitting it to probate had no probative value regarding the issue whether the will was self-proving in the will contest in the trial court and, therefore, that that order did not make a prima facie showing that the will was self-proving.
In her application for rehearing, Ricks argues that, because the Dorough brothers proceeded to introduce their case-in-chief first, without asserting that, under Smith v. Bryant, supra, they had no obligation to present their case-in-chief until Ricks had made a prima facie showing that the will was validly executed, they waived the requirement that Ricks make such a prima facie showing. In Smith v. Bryant, the contestant of the will began presenting her case-in-chief first and had introduced a substantial part of her evidence before the proponent moved the circuit court to designate her as the plaintiff in the case and to designate the contestant as the defendant. The circuit court denied that motion. The proponent then moved the circuit court to dismiss the will-contest proceeding on the ground that the contestant had introduced the proceedings regarding the will in the probate court. The trial court denied that motion as well. After the jury returned a verdict in favor of the contestant and the circuit court entered a judgment on the jury verdict, the proponent appealed to the supreme court.
On appeal, the proponent argued, among other things, that the trial court had erred *1139 (1) in denying her motion to designate her as the plaintiff and to designate the contestant as the defendant and (2) in denying her motion to dismiss the will-contest proceeding on the ground that the contestant had introduced the probate-court proceedings regarding the will. Affirming the circuit court’s judgment, the supreme court stated:
“It is true that the order of the trial which we have outlined was not followed exactly in the case at bar. However, a number of reasons cause us to consider that the errors, if any, in the rulings of the court to which we shall refer, do not constitute reversible error.
“In the equity court we are interested in substantive justice rather than in the mere technicalities of procedure, Segall v. Loeb, 218 Ala. 483, 118 So. 638 [ (1928) ]; 19 Am.Jur. §§ 459-460, pp. 317-318, and the issues made by the pleadings in the case, should be a guide to the litigants. Furthermore it is a settled principle that neglect to take advantage of rights at the proper time will be regarded as a waiver of such rights. Collins v. State, 22 Ala.App. 323, 118 So. 264, certiorari denied 218 Ala. 250, 118 So. 265 [ (1928) ].
“In the case at bar the respondent made no objection to the introduction of the complainant’s evidence until a substantial. part of the complainant’s evidence had been introduced. The objection to the 'procedure, therefore, came too late. Furthermore under the express allegations of the bill it was necessary to show the probate of the will in the probate court because the probate of the will in the probate court is essential to the jurisdiction of the equity court. Wachter v. Davis, 215 Ala. 659, 111 So. 917 [ (1927) ]. Certainly where the bill . alleges the probate of the will in the probate court and the probate of such will is essential to the jurisdiction of the equity court, we will not say that it was error for the court to allow proof of the probate of the will under the circumstances in this case. Wachter v. Davis, supra.”
263 Ala. at 334-35, 82 So.2d at 414 (emphasis added).
Smith v. Bryant stands for the proposition that a contestant’s failure to make a timely objection in the circuit court to the proponent’s failure to adhere to the correct order of presentation of the evidence in a will-contest proceeding will result in a waiver of the contestant’s right to assert error on appeal based on the proponent’s failure to adhere to the correct order of presentation of the evidence, but it does not stand for the proposition that a contestant’s failure to make a timely objection in the circuit court to the proponent’s failure to adhere to the correct order of presentation of the evidence will result in a waiver of the contestant’s right to assert that the proponent failed to present the evidence required for him or her to prevail in the will-contest proceeding. Therefore, we find no merit in Ricks’s argument that the Dorough brothers waived Ricks’s failure to make a prima facie showing that the will was validly executed because they presented their case-in-chief first, without asserting that they had no obligation to present their case-in-chief until Ricks had made such a prima facie showing^
Ricks also argues in her application for rehearing that the Dorough brothers waived her failure to prove that the notary public affixed her official seal to the will because they did not raise that failure of proof as a ground of their motion for a judgment on partial findings until they filed their motion to alter, amend, or vacate the trial court’s March 25, 2011, interlocutory order finding in favor of Ricks with respect to the will-contest *1140 claim. Ricks cites no legal authority in support of that argument. A trial court is not required to consider a new legal argument raised for the first time in a post-judgment motion, see McGlathery v. Alabama Aqric. & Mech. Univ., 105 So.3d 437, 446 (Ala.Civ.App.2012); however, the Do-rough brothers’ motion to alter, amend, or vacate the trial court’s March 25, 2011, interlocutory order finding in favor of Ricks with respect to the will-contest claim was not a postjudgment motion because it was made with respect to an interlocutory order rather than a final judgment. See Ex parte Troutman Sanders, LLP, 866 So.2d 547, 549-50 (Ala.2003). In Ex parte Troutman Sanders, LLP, the supreme court stated:
“By its express terms, Rule 59(e)[, Ala. R. Civ. P.,] applies only where there is a ‘judgment.’ That term is specifically defined in Ala. R. Civ. P. 54(a), as ‘a decree and any order from which an appeal lies.’ (Emphasis added.) Rule 59 does, not apply to interlocutory orders, because such orders remain ‘within the breast of the court.’ Rheams v. Rheams, 378 So.2d 1125, 1128 (Ala.Civ.App.1979). A ‘Rule 59 motion may be made only in reference to a final judgment or order.’ Malone v. Gainey, 726 So.2d 725, 725 n. 2 (Ala.Civ.App.1999); see also Anderson v. Deere & Co., 852 F.2d 1244,1246 (10th Cir.1988); Momar, Inc. v. Schneider, 823 So.2d 701, 704 (Ala.Civ.App.2001) (a Rule 59(e) ‘motion may be taken only from a final judgment’).”
866 So.2d at 549-50. In the present case, because the trial court’s March 25, 2011, interlocutory order finding. in favor of Ricks with respect to the will-contest claim remained “ ‘within the breast of the court,’ ” Ex parte Troutman Sanders, LLP, 866 So.2d at 550 (quoting Rheams v. Rheams, 378 So.2d 1125, 1128 (Ala.Civ. App.1979)), when the Dorough brothers filed their motion to alter, amend, or vacate that order,[4] they were entitled to raise their argument that Ricks had failed to prove that the notary public’s official seal was affixed to the will for the first time in that motion. Accordingly, we find no merit in Ricks’s argument that the Dorough brothers waived their argument that she had failed to prove that the notary public’s official seal was affixed to the will.
Because Ricks did not make a prima facie showing that the will is self-proving, she could only meet her burden of making a prima facie showing that the will was validly executed if she made a prima facie showing that satisfied the requirements of § 43-8-167, which provides, in pertinent part:
“(a) Wills offered for probate, except noncupative wills, must be proved by one or more of the subscribing witnesses, or if they be dead, insane or out of the state or have become incompetent since the attestation, then by the proof of the handwriting of the testator, and that of at least one of the witnesses to the will. Where no contest is filed, the testimony of only one attesting witness is sufficient.
“(b) If none of the subscribing witnesses to such will are produced, their insanity, death, subsequent incompetency or absence from the state must be satisfactorily shown, before proof of the handwriting of the testator, or any of the subscribing witnesses, can be received .... ”
(Emphasis added.)
In Ferrell v. Minnifield, 275 Ala. 388, 391,155 So.2d 345, 348 (1963), the supreme court stated:
*1141 “Under [what is currently § 43-8-167, Ala.Code 1975], a will, upon formal contest, must be proved by both subscribing witnesses, or if one is not available, his absence must be accounted for to get in secondary evidence of his attestation, as secondary evidence should be resorted to only in the absence of primary proof of both the subscribing witnesses. Barnett v. Freeman, 197 Ala. 142, 72 So. 395 [(1916)].”
In the present case, Ricks neither introduced the testimony of the subscribing witnesses nor accounted for their absence. Because Ricks did not introduce that primary evidence regarding the execution of the will, the testimony of the attorney who drafted the will regarding its execution, which was secondary evidence, did not meet Ricks’s burden of making a prima facie showing that the will had been validly executed pursuant to § 43-8-167. See § 43-8-167 and Ferrell v. Minnifield.
Because Ricks neither made a prima facie showing that the will was self-proving pursuant to § 43-8-132 nor made a prima facie showing that the will had been validly executed by introducing proof meeting the requirements of § 43-8-167, we conclude that she failed to meet her burden of making a prima facie showing that the will had been validly executed and, therefore, that the trial court erred in failing to grant the Dorough brothers’ motion for a judgment on partial findings. Consequently, we reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion. Because we are reversing the judgment of the trial court on the basis of the Dorough brothers’ first argument, we do not reach their other arguments.
APPLICATION FOR REHEARING GRANTED; OPINION OF JUNE 1, 2012, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
MOORE, J., concurs in the result, without writing.

. In Lawson v. Harris Culinary Enterprises, LLC, 83 So.3d 483, 491 (Ala.2011), the supreme court indicated that a motion for a judgment as a matter of law made at the close of all the evidence in a nonjury trial is properly characterized as a motion for a judgment on partial findings.

. Although its March 25, 2009, order did not specifically address the Dorough brothers' claims of undue influence, fraud, and lack, of testamentary capacity, the trial court necessarily rejected those claims by finding that "the [will] is [Joseph's] Last Will and is properly accepted as his final disposition for his Estate.” See Dutton v. Chester F. Raines Agency, Inc., 475 So.2d 545, 547 (Ala. 1985) ("While the trial court may not have specifically addressed Count Four [of the defendant’s counterclaim], the court necessarily rejected that claim by rendering a judgment in favor of [the plaintiff].”).

. "The admission of the will to probate in the probate court is ... a condition precedent to the jurisdiction of the [circuit] court to entertain [a will] contest.” Ferrell v. Minnifield, 275 Ala. 388, 391, 155 So.2d 345, 347 (1963).

. The trial court did not certify that interlocutory order as a final judgment pursuant to Rule 54(b) until after it had denied the Do-rough brothers’ motion to alter, amend,' or vacate.