MOORE, Chief Justice.
Denise Scott Ricks sought to admit a self-proving will to probate in the Autauga Probate Court. After the will was admitted, Adam Dorough, Rufus Dorough, James Dorough, Patrick Dorough, and Robert Dorough (hereinafter referred to collectively as “the Dorough brothers”) brought a will contest in the Autauga Circuit Court. The Autauga Circuit Court declared the will to be valid, and the Do-rough brothers appealed. The Court of Civil Appeals reversed the judgment of the Autauga Circuit Court. This Court granted certiorari review, and we now reverse the judgment of the Court of Civil Appeals.

I. Facts and Procedural History

On June 9, 2009, Joseph Paul Dorough (“Joseph”) executed a will leaving all his property to Ricks and naming Ricks as his personal representative. Ricks is the daughter of Margaret Farmer, who died in 2009. Joseph and Margaret had dated off and on since 1988, when Ricks was 14 years old. Although Ricks was not related to Joseph by blood or marriage, Ricks testified that they had a close relationship and that she considered him a surrogate father. Joseph died on August 22, 2009. Ricks petitioned to admit the will to probate in the Autauga Probate Court, and the Dorough brothers filed an answer to Ricks’s petition, indicating their intent to contest the will in the Autauga Circuit Court in a later proceeding.
On October 13, 2009, the Autauga Probate Court entered an order titled “Decree Admitting Self-Proving Will to Probate.” In the order, the court said:
“ ‘The Court finds that the said instrument was made self-proving at the time of its execution by acknowledgment of [Joseph] and the affidavits of the witnesses, each made before an officer authorized to administer oaths and evi *1144 denced by the officer’s certifícate, under official seal, attached to or following the will in the form required by law; and further finds that there has been no showing of fraud, forgery, undue influence or unsound mind of [Joseph].’ ”
Dorough v. Ricks, 164 So.3d 1131, 1133 (Ala.Civ.App.2012) (emphasis added by the Court of Civil Appeals). Thus, the probate court declared the will to be Joseph’s last will and admitted it to probate.
On October 15, 2009, the Dorough brothers, who were Joseph’s brothers and next of kin, filed a will contest in the Autauga Circuit Court. On December 15, 2009, the circuit court ordered the probate court to transfer the case. The probate court filed certified copies of all the documents with the circuit court but did not file the originals with the circuit court.
Although the proper procedure in a will-contest proceeding is for the proponent of the will to introduce the proceedings from the probate court before the contestant presents his or her case-in-chief,[1] the Do-rough brothers presented their case-in-chief first without asserting that they had no obligation to present their case until Ricks first introduced the proceedings from the probate court. During their case-in-chief, the Dorough brothers introduced a copy of the will, showing that Joseph and the witnesses had signed the will and that the notary public had signed a certificate as required by § 43-8-132, Ala.Code 1975.[2] However, the copy did not adequately show an impression of the notary public’s seal, as required by § 43-8-132. The Dorough brothers challenged the will on the grounds of 1) lack of valid execution, 2) undue influence, 3) fraud, and 4) lack of testamentary capacity.
After the Dorough brothers presented their case-in-chief, Ricks called Joy Booth, the attorney who had drafted the will and had signed the notary certificate in her capacity as a notary public, to testify as to the execution of Joseph’s acknowledgment and the two subscribing witnesses’ affidavits. Booth testified that Joseph signed the will in the presence of the two subscribing witnesses. She was never asked specifically whether she had affixed her official seal to the will, but she did testify that she notarized the signatures of Joseph and the two subscribing witnesses.
On March 25, 2011, the circuit court entered an interlocutory order declaring that the will met the statutory requirements of a self-proving will under § 43-8-132 and that the will was Joseph’s last will. The Dorough brothers then filed a motion to alter, amend, or vacate the interlocutory order, arguing for the first time that they were entitled to a judgment on partial findings because Ricks failed to show that the notary public had affixed her seal to the will, as required by § 43-8-132. Ricks responded with a motion asking the court to take judicial notice that the probate court had found that the will was self-proving. The court granted Ricks’s motion, denied the Dorough brothers’ motion, and entered an order certifying its March 25 interlocutory order as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P. The Dorough brothers then appealed the order to the Court of Civil Appeals.
*1145 The Court of Civil Appeals reversed the circuit court’s order, holding that the will did not comply with the requirements of a self-proving will under § 43-8-132. In examining the record, the Court of Civil Appeals said:
“The certified copy of the will filed with the trial court by the Autauga Probate Court shows what may be a circular impression near the notary public’s signature, and, ⅝ it is indeed a circular impression, it is possible that that circular impression is the notary public’s official seal; however, even when the evidence is viewed in the light most favorable to Ricks, it is not sufficiently clear from the certified copy of the will that what may be a circular impression near the notary public’s signature is indeed the notary public’s official seal to meet Ricks’s burden of making a prima facie showing that the notary public’s official seal is affixed to the will. The original of the will, which would be the best evidence of whether the notary public’s official seal is affixed to the will, was not introduced into evidence.”
Dorough, 164 So.3d at 1137. The Court of Civil Appeals also held that the probate court’s finding that the will was self-proving had no probative value in the circuit court action and that, therefore, the probate court’s order did not constitute a prima facie showing that the will was self-proving. Id. at 1133.
On rehearing in tibíe Court of Civil Appeals, Ricks argued that the Dorough brothers had waived their objection to Ricks’s not having made a prima facie showing because they made their ease-in-ehief first without asserting that they had no obligation to present their case until Ricks introduced the proceedings from the probate court. The Court of Civil Appeals found this argument meritless, holding that the Dorough brothers could make their objection in the circuit court before the judgment was entered. 164 So.3d at 1139. Ricks also argued that the Dorough brothers had waived their objection based on the failure to affix the notary public’s seal because they did not object on that basis until they moved to alter, amend, or vacate the interlocutory order, which occurred after the will had been admitted into evidence by the circuit court. However, the Court of Civil Appeals noted that the circuit court’s order was an interlocutory order, not a final judgment, and that, therefore, the Dorough brothers’ objection did not come too late and was not waived. 164 So.3d at 1140.
Ricks petitioned for a writ of certiorari, claiming that the decision of the Court of Civil Appeals conflicted with prior decisions of this Court. This Court granted her petition. We now reverse and remand.

II. Standard of Review

“ ‘On certiorari review, this Court accords no presumption of correctness to the legal conclusions of the intermediate appellate court. Therefore, we must apply de novo the standard of review that was applicable in the Court of Civil Appeals.’ ” Ex parte Helms, 873 So.2d 1139, 1143 (Ala.2003) (quoting Ex parte Toyota Motor Corp., 684 So.2d 132, 135 (Ala.1996)). Ordinarily, the standard of review of a ruling on a motion for a judgment on partial findings is the ore tenus standard. Burkes Meek, Inc. v. Ft. James-Pennington, Inc., 908 So.2d 905, 910 (Ala.2004). However, “the ore tenus standard is inapplicable ‘where the evidence is undisputed, or where the material facts are established by the undisputed evidence.’ ” Id. (quoting Salter v. Hamiter, 887 So.2d 230, 234 (Ala.2004)). In such a case, the standard of review is de novo. Id.

*1146
III. Analysis

A. Jurisdiction of Probate Court to Admit Will

The parties argue extensively over the legal relevance of the probate court’s admission of the will to probate. According to Ricks, the judgment of the probate court admitting the will to probate had probative value in the will contest in the circuit court. In response, the Dorough brothers argue that, pursuant to § 43-8-198, Ala.Code 1975, once they filed their answer in the probate court, the probate court did not have jurisdiction to do anything other than transfer the case and that, therefore, the judgment admitting the will to probate was void. Thus, before proceeding to the merits, it is necessary to determine whether the probate court had jurisdiction to admit the will to probate.
Section 43-8-198 states, in relevant part: “Upon the demand of any party to the contest, made in writing at the time of filing the initial pleading, the probate court, or the judge thereof, must enter an order transferring the contest to the circuit court of the county in which the contest is made.... ” Moreover, this Court stated in Summerhill v. Craft, 425 So.2d 1055, 1056 (Ala.1982), that once a demand in writing to transfer a will contest to the circuit court was made, the probate court “had no jurisdiction to hold a hearing to probate the will nor to issue its order that the will was duly provided,” and therefore such an order was void.
However, in this case, the Dorough brothers stated the following in their answer in the probate court: “The heirs will be contesting the Will and so pursuant to [§ 13-8-198, Ala.Code 1975, t]hey will so request this matter be transferred to Circuit Court. This as well will be addressed by way of a separate motion.” (Emphasis added.) Both the future tense and the explicit statement that the transfer request would be addressed by a separate motion indicate that the Dorough brothers were not making a demand to transfer the case to the circuit court in their answer, as contemplated by § 48-8-198, but were notifying the probate court of their intent to move to transfer the case in the future. Therefore, although the Dorough brothers properly brought a will contest in the circuit court under § 43-8-199 after the will was admitted to probate, the Dorough brothers did not make a proper demand under § 43-8-198 to transfer the case when they filed their answer; therefore, the probate court did not lose jurisdiction to admit the will to probate. See also Neuman v. Savas, 878 So.2d 1147, 1149 (Ala.2003) (holding that the opportunity to remove a case to circuit court under § 43-8-198 is lost if the movant does not file a pleading with the motion to transfer).

B. Conflict of the Court of Civil Appeals’ Decision with Prior Decisions

Turning now to the merits, Ricks argues that the decision of the Court of Civil Appeals conflicts with prior decisions of this Court that establish the proper procedures in a will-contest proceeding. In Smith v. Bryant, 263 Ala. 331, 82 So.2d 411 (1955), this Court discussed the procedures for introducing a will that had been admitted to probate into the circuit court in a will contest under what is now § 43-8-199, Ala.Code 1975. Relying on McCutchen v. Loggins, 109 Ala. 457,19 So. 810 (1895), the Smith Court stated that “those who claim under the probated will must show affirmatively its validity and become the actors.” Smith, 263 Ala. at 334, 82 So.2d at 413. However, the Court thereafter stated:
“While we have seen no statement by this court as to the exact manner in which trials should be had under the *1147 provisions of § 64, Title 61, Code of 1940 [now § 43-8-199, Ala.Code 1975], providing for a will contest in the equity court, we would say that the respondent, who is in effect the proponent, should first introduce the proceedings in the probate court, that is the petition to probate the will, the order fixing the time for hearing and giving notice, testimony of the attesting witnesses and proof of will, the decree admitting the will to probate and the will itself. Section 44, Title 61, Code of 1940 [now § 43-8-171, Ala.Code 1975], provides in effect that a will which has been admitted to probate must be received without further proof. The complainant, who is in effect the contestant,- should then introduce testimony on which the alleged invalidity of the will is based. The respondent should then introduce the rebuttal testimony, if any.. The respondent should then make the opening argument to the jury, the complainant should then make the argument for complainant and the respondent should have the closing argument.”
Smith, 263 Ala. at 334, 82 So.2d at 414.
This Court drew on Smith in Hancock v. Frazier, 264 Ala. 202, 86 So.2d 389 (1956), in which this Court further discussed the procedures in a will contest under what is now § 43-8-199, Ala.Code 1975, as follows:
“We have recently considered the question where there was a contest in equity under section 64, Title 61, Code, with a jury trial. Smith v. Bryant, 263 Ala. 331, 82 So.2d 411, 414 [(1950)]. There referring to our previous cases in such a suit, it is stated that the proper procedure is that the respondent, who is in effect the proponent, should first introduce the proceedings admitting the . will to probate in the probate court, citing 57 Am.Jur. 608, section 925.. It is also there stated that complainant, who is the contestant, ‘should then introduce testimony on which the alleged invalidity of the will is based. The respondent should then introduce the rebuttal testimony, if any. The respondent should then make the opening argument.’ Some of our older cases are cited- by the Court. Mathews v. Fomiss, 91 Ala. 157, 8, So. 661 [ (1890) ]; McCutchen v. Loggins,. 109 Ala. 457, 19 So. 810, 812 [ (1896) ]. It means, as we said in McCutchen v. Loggins, that in such a suit as this ‘those who claim under the probated will must show affirmatively its validity, and become the actors.’ But we interpret Smith v. Bryant, supra, to mean that this is prima facie sustained by the proceedings in the probate court admitting the will to probate. The duty, not a shifting of the burden of proof, is then upon complainants to introduce evidence on which it is claimed the ‘alleged invalidity of the will is based.’ We further take that to mean that when complainants introduce such evidence from which its invalidity may be inferred, the judgment in the probate proceedings will have lost its value as evidence, for the trial is de novo. It is also said in McCutchen v. Loggins, supra, that when complainants showed their interest and right to contest in equity ‘the burden was placed-upon the respondents to affirm and maintain the validity of the probated will. Complainants have no standing in the chancery court, except as contestants.’
“In both Smith v. Bryant, supra, and McCutchen v. Loggins, supra, the contest was tried in the equity court with a jury under sections 64 to 67, Title 61, Code. The burden of proof is the same of course whether it is tried with a jury or without one. The procedure outlined in Smith v. Bryant does not prescribe the course to be pursued in taking the depositions of witnesses prior to trial. *1148 There is no rule of procedure as to when that should be done. When the trial comes on to be had on testimony, then to be taken in open court, the procedure is outlined in that case. When it is based on depositions, without a jury as in this case, counsel must prepare notes of the evidence which has been taken and which they wish to use. Equity Rule 57, Code 1940, Tit. 7 Appendix. The court in considering the case should then apply the rule fixing the burden of proof as outlined in McCutchen v. Loggins, supra. Section 67, Title 61, further provides that on the trial before the jury, or hearing before the circuit judge on a contest in equity, the testimony of the witnesses which had been reduced to writing by the judge of probate according to section 42, Title 61, is to be considered by the judge or jury. That should be shown in the note of testimony, when a note is necessary.' But on such contest the judgment in the probate court has no probative value, and only serves to give direction to the order of procedure in the circuit court in equity and support for equity jurisdiction.”
Hancock, 264 Ala. at 203-04, 86 So.2d at 390-91 (emphasis added).
Finally, in Ray v. McClelland, 274 Ala. 363, 365-66, 148 So.2d 221, 222 (1963), this Court stated:
“When the respondent introduced the probate proceedings, the validity of the will was prima facie sustained and it became the duty of the complainant to offer evidence upon which the invalidity of the will was based. Hancock v. Frazier, 264 Ala. 202, 86 So.2d 389 [ (1956) ]; Smith v. Bryant, 263 Ala. 331, 82 So.2d 411, 414 [ (1955) ]; McCutchen v. Loggins, 109 Ala. 457, 19 So. 810 [ (1896) ].” [5] Ricks argues that these cases stand
for the proposition that once the proponent introduces the probate proceedings in the will contest in the circuit court, including the judgment admitting the will to probate, the validity of the will is prima facie sustained, and it is then the duty of the contestant to produce evidence contesting the validity of the will. We agree with Ricks.
Ricks correctly observes that the rules arising from Smith, Hancock, and Ray are akin to a rebuttable presumption under Rule 301(b), Ala. R. Evid., which states:
“(b) Types of rebuttable presumptions. Every rebuttable presumption is either:
“(1) A presumption that affects the burden of producing evidence by requiring the trier of fact to assume the existence of the presumed fact, unless evidence sufficient to sustain a finding of the nonexistence of the presumed fact is introduced, in which event the existence , or nonexistence of the presumed fact shall.be determined from the evidence without regard to the presumption; or
“(2) A presumption affecting the burden of proof by imposing upon the party against whom it operates the burden of proving the nonexistence of the presumed fact.”
This Court stated in Hancock:
“The duty, not a shifting of the burden of proof, is then upon complainants to introduce evidence on which it is claimed the ‘alleged invalidity of the will is based.’ We further take that to mean that when complainants introduce such evidence from which its invalidity may be inferred, the judgment in the probate proceedings will have lost its value as evidence, for the trial is de novo.”
Hancock, 264 Ala. at 204, 86 So.2d at 390. Consequently, the rebuttable presumption here would be a presumption under Rule 301(b)(1), not Rule 301(b)(2).
*1149 In this case, the Court of Civil Appeals interpreted Hancock to mean:
“(1) [T]hat it is only the testimony of the subscribing witnesses reduced to writing by the probate judge pursuant to what is now § 4B-8-169, Ala.Code 1975, that is probative regarding the issue whether the will was validly executed, (2) that the probate court’s order admitting the will to probate has no probative value regarding the issue whether the will was validly executed, and (3) that the probate court’s order admitting the will to probate is only admissible for the limited purpose of giving direction as to the procedure to be followed in the circuit court and support for the circuit court’s jurisdiction over the will contest.”
Dorough, 164 So.3d at 1138. The Court of Civil Appeals appears to have based this reading on the second paragraph of the excerpt of Hancock, quoted supra. However, such an interpretation would render the previous paragraph meaningless. Such an interpretation cannot be sustained, especially in light of this Court’s subsequent holding in Ray that, “[w]hen the respondent introduced the probate proceedings, the validity of the will was prima facie sustained and it became the duty of the complainant to offer evidence upon which the invalidity of the will was based.” Ray, 274 Ala. at 365, 148 So.2d at 222. Thus, the decision of the Court of Civil Appeals conflicts with this Court’s prior decisions.
Under the rules discussed above, Ricks was obligated to introduce the proceedings from the probate court before the Dorough brothers presented their case-in-chief, but the Dorough brothers made their case-in-chief without asserting that Ricks was obligated to, and had failed to, introduce the proceedings from the probate court. “[I]t is a settled principle that neglect to take advantage of rights at the proper time will be regarded as a waiver of such rights.” Smith, 263 Ala. at 334, 82 So.2d at 414. Because the Dorough brothers did not assert that Ricks was obligated to introduce the proceedings from the probate court before they proceeded with their case-in-chief, they waived their right to object to Ricks’s not following the proper procedures for introducing evidence.
As discussed above, it was the Do-rough brothers who offered a copy of the will into evidence. At the close of evidence, the Dorough brothers made a motion for a judgment on partial findings, arguing that Ricks had not made a prima facie case because none of the attesting witnesses had testified as to the validity of the will. Ricks, however, was attempting to admit to probate a self-proving will. Under § 43-8-132, Ala.Code 1975, if the requirements of the statute are met, then the proponent does not need to call witnesses. Because the Dorough brothers had introduced the evidence that would have been Ricks’s duty to present — either by introducing the proceedings from the probate court or by introducing the will itself in the circuit court — the evidence necessary to decide whether to accept the will was ultimately presented to the circuit court. Thus, Ricks did not fail to make a prima facie case, nor did the circuit court err in denying the Dorough brothers’ motion for a judgment on partial findings.
The final question is whether the Dorough brothers waived their argument that the notary seal was not properly affixed to the self-proving page of the will by not asserting that argument until after the circuit court had entered its order. “[I]t is a settled principle that neglect to take advantage of rights at the proper time will be regarded as a waiver of such rights.” Smith, 263 Ala. at 334, 82 So.2d at 414. Because the Dorough brothers did not ob *1150 ject on the basis that the self-proving will did not comply with the requirements of § 43-8-132, Ala.Code 1975, until after the circuit court ruled on the will-contest claim, they waived their objection.
The Court of Civil Appeals, however, held that because the circuit court’s order was interlocutory in nature, the Dorough brothers were entitled to raise their objection even after that order had been entered. However, the Court of Civil Appeals based its holding on the rule that “[a] trial court is not required to consider a new legal argument raised for the first time in a postjudgment motion....” Dorough v. Ricks, 164 So.3d at 1140. The Court of Civil Appeals thus reasoned that because postjudgment motions under Rule 59, Ala. R. Civ. P., are contemplated only when there has been a final judgment and because the circuit court’s order was not a final judgment, the rules applicable to postjudgment motions do not apply here and that, therefore, the Dorough brothers “were entitled to raise their argument that Ricks had failed to prove that the notary public’s official seal was affixed to the will for the first time in that motion.” 164 So.3d at 1140. However, it does not follow that, just because the Dorough brothers’ motion was not a postjudgment motion, they were therefore entitled to raise their new argument. On the contrary, the rule that failure to raise an argument at the right time results in a waiver is the default rule. Smith, 263 Ala. at 334, 82 So.2d at 414. Because the Dorough brothers did not raise the argument that the notary seal was not sufficiently affixed before the circuit court entered its order, the Do-rough brothers waived that argument.
Moreover, even if the Dorough brothers had not waived their objection, the Court of Civil Appeals did not consider the testimony of Joy Booth, who testified that she had notarized the will. Although the will admitted as evidence in the circuit court was a copy and not the original will, the copy was properly admitted pursuant to Rule 1007, Ala. R. Evid., when Ricks testified to its contents. “[Historic Alabama practice has recognized that a party’s testimony, admitting the contents of an original, opens the door to secondary evidence of those contents, without accounting for the nonproduction of the original.” Advisory Committee’s Notes to Rule 1007, Ala. R. Evid. (citing Donahay v. State, 287 Ala. 716, 255 So.2d 599 (1971), and Kessler v. Peck, 266 Ala. 669, 98 So.2d 606 (1957)). Consequently, if there was a question about the notary seal, it was logical to consider Booth’s testimony that she had notarized the will. See Rule 402, Ala. R. Evid. Although Booth did not testify specifically as to whether she had affixed her seal, notarizing a document necessarily includes affixing the notary public’s seal. See § 36-20-73(2), Ala.Code 1975. Therefore, because Booth testified that she had notarized the will and because the circuit court received such testimony ore tenus, the Court of Civil Appeals should have considered Booth’s testimony and given the judgment of the circuit court its proper deference in determining whether the notary seal was sufficiently affixed to the will.

IV. Conclusion

For the reasons stated above, the judgment of the Court of Civil Appeals is reversed and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED. 
STUART and PARKER, JJ., concur.
*1151 BOLIN and MURDOCK, JJ., concur in the result.
SHAW, J., dissents.
WISE and BRYAN,** JJ., recuse themselves.

. See Smith v. Bryant, 263 Ala. 331, 334, 82 So.2d 411, 414(1955).

. Self-proving wills are "self-proved, by the acknowledgment thereof by the testator and the affidavits of the witnesses, each made before an officer authorized to administer oaths under the laws of the state where the acknowledgment occurs and evidenced by the officer's certificate, under the official seal, attached or annexed to the will.” § 43-8-132, Ala.Code 1975 (emphasis added).