MURDOCK, Justice
(concurring in the result).
I find the procedural history of this case in the probate court and the circuit court confusing, and I express no view as to the description of that history in the main opinion. For purposes of casting my vote in this case, I merely accept the fact that a contest of the will in question was in fact filed in the circuit court at a point in time after the will had been admitted to probate in the probate court. See Ala.Code 1975, § 43-8-199. That said, I believe that the judgment of the circuit court at issue here (finding that the will was executed with the proper formalities) finds sufficient support in the record and, accordingly, that the decision of the Court of Civil Appeals reversing that judgment is, itself, due to be reversed.
Albeit pursuant to one or more motions filed by the contestants to the will (sometimes referred to in the main opinion and here as “the Dorough brothers”), a copy of both the will and the probate court’s order admitting the will to probate were before the circuit court. The probate court’s order in this regard constituted prima facie evidence that the will was validly executed. See Ala.Code 1975, § 43-8-132(c); see also Ala.Code 1975, § 43-8-171; Hancock v. Frazier, 264 Ala. 202, 86 So.2d 389 (1956); Smith v. Bryant, 263 Ala. 331, 82 So.2d 411 (1955).
As indicated in the main opinion, if the contestant to the will puts on evidence that the execution formalities were not properly observed, then the prima facie case is rebutted, and it is then incumbent on the proponent of the will to present sufficient evidence to meet its burden of proof. 164 So.3d at 1147-48 (also explaining that the circuit court’s consideration of a will contest is de novo); see also Hancock, 264 Ala. at 204, 86 So.2d at 390. In the present case, however, the record does not reflect -the submission to the circuit court by the Dorough brothers of any evidence by which they challenge the adequacy of the formalities attendant to the execution of the will. Although counsel for the Do-rough brothers did cross-examine both Denise Scott Ricks and Joy Booth (the attorney who drafted the will' and who, in her capacity as a notary public, notarized the will), who testified as to her notarization of the will, at the hearing conducted by the circuit court, this cross-examination failed to adduce any evidence that would serve to rebut the prima facie showing effected by the order of the probate court admitting the will to probate. Also, the circuit court had before it a copy of the will itself (certified and filed by the probate court), and the circuit court was able to inspect the acknowledgment form signed by Booth and see for itself the circular impression that Ricks contends was the notary seal. In their examination of Booth, the contestants posed no questions regarding this impression or specifically whether Booth had affixed her seal to the acknowledgment form; at no time during the hearing did the contestants raise any issue as to whether the acknowledgment form was lacking the seal required by § 43-8-132(a), Ala.Code 1975. Under these circumstances, I am reluctant to consider the copy of the will introduced at *1152 trial by the Dorough brothers, which was identified as a copy of the will that Ricks had offered for probate, as evidence that rebuts the prima facie showing made by the certified filings from the probate court. Moreover, even if it were to be considered such evidence, the fact of such circular impression was on the will for the circuit court to see and assess for itself.[3] The impression is consistent with the affixation of a notary seal to the acknowledgment. I am unwilling to conclude as a matter of law, particularly under the circumstances presented in this case, that the circuit court could not have inferred from that impression that a seal had in fact been affixed by Booth to her acknowledgment.
In addition, the circuit court heard the testimony of Booth herself to the effect that she had “notarized” the signature of the two witnesses and of the testator. The circuit court certainly was free to treat this as additional evidence indicating that Booth had affixed her seal to the acknowledgment form, given the requirement for such affixation in the event of a “notarization” of a will, see § 43-8-132(a), and given the circuit court’s ability to assume or to infer that Booth, as an attorney and experienced notary public, was aware of this requirement when testifying that she “notarized” the document.
Based on the foregoing, I agree that the judgment of the circuit court holding that the will in question was validly executed should have been affirmed, and, accordingly, I concur.

. In addition, this Court is in receipt only of an electronic copy of the document before the circuit court, and it cannot foreclose the possibility that the circular impression on the document actually viewed by the circuit court was more "definite” than what is before this Court and what was before the Court of Civil Appeals.